William A. BLACKWELL, Plaintiff,

v.

UNITED STATES DEPARTMENT OF
the TREASURY, et al., Defendants.

Civ. A. No. 85–2097.

United States District Court,
District of Columbia.

May 27, 1986.

David J. Ontell, Washington, D.C., for
plaintiff.

Gena E. Cadieux, Judith F. Ledbetter
and Janet C. Hudson, Civil Div., Dept. of
Justice, Washington, D.C., for defendants.

MEMORANDUM AND ORDER

GESELL, District Judge.

After consideration of defendant's mo-
tion to dismiss, plaintiff's opposition there-
to, defendant's reply, and the complaint the
Court finds that all plaintiff's claims except
for his claim against the United States
Department of the Treasury for discrimina-
tion under the Rehabilitation Act, 29 U.S.C.
§§ 701–796, must be dismissed.

Plaintiff's complaint alleges that he is a
homosexual and transvestite who was eligi-
ble for the Department of Treasury's Prior-
ity Placement Program for rehiring former
employees because he had been removed
from his position with the Department of
the Treasury by a reduction in force in
February, 1982. In May, 1982 he applied
for one of twelve GS–03 openings under

the Priority Placement Program and was interviewed for the position. Plaintiff attended the interview dressed as a woman, the same type of dress he had worn during his previous eight years of employment with the Department of Treasury. Plaintiff was not rehired although he alleges that he was fully qualified for the position and that others in the Priority Placement program with less seniority were rehired for these openings. Plaintiff contends that the interviewing officials conspired with the director and personnel officer to eliminate the job opening for which plaintiff interviewed because "plaintiff is a transvestite whom they regarded as being mentally ill" and they "regarded such mental illness as a handicap." Complaint ¶ 15. Plaintiff has exhausted his administrative remedies.

In his opposition plaintiff acknowledges that his claims against the individual defendants and claim under 42 U.S.C. § 1985(3) should be dismissed. The only remaining claims are plaintiff's claims for discrimination under the Rehabilitation Act and the Fifth Amendment.

The Rehabilitation Act provides remedies for discrimination against handicapped individuals. Defendant contends that plaintiff has not stated a claim for relief under the Rehabilitation Act because a transvestite is not a handicapped individual under the Act. However, the Act defines "handicapped individual" broadly as

> any person who (i) has a physical or mental impairment which substantially limits such person's functioning or one or more such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment.

29 U.S.C. § 706(7)(B); 29 C.F.R. § 1613.-702(a). The applicable EEOC regulations provide further and equally broad definitions. A "Physical or mental impairment" includes any mental or psychological disor-

der. 29 C.F.R. § 1613.702(b). "Major life activities" is defined as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1613.702(c). "Is regarded as having such an impairment" means

> (1) has a physical or mental impairment that does not substantially limit major life activities but is treated by an employer as constituting such a limitation; (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitude of an employer toward such impairments; (3) or has none of the impairments defined in (b) of this section but is treated by an employer as having such an impairment.

29 C.F.R. § 1613.702(e).

These definitions make clear that the Rehabilitation Act provides remedies not only for those who have physical or mental conditions that *actually* limit their major life activities, but also provides a remedy against *perceived* handicaps. If an employer discriminates because it believes that an individual is handicapped in his major life activities, it cannot defend its discrimination by showing that its assumptions were erroneous. *See Doe v. United States Postal Service*, 37 Fair Empl.Prac. Cas. (BNA) 1867 (D.D.C.1985).

The Department of the Treasury acknowledges that transvestitism is recognized by the American Psychiatric Association as a mental disorder. Plaintiff has alleged that the position he sought was eliminated because Treasury officials regarded the fact that he is a transvestite as a handicap. This is enough to state a claim under the Rehabilitation Act. Plaintiff will have the burden of proving his allegations at trial, but he need not allege or prove that his handicap actually impaired his ability to function in order to seek relief under the Rehabilitation Act.[1]

---

1. Defendant appears to have dropped its argument that plaintiff's sole remedy is before the Office of Special Counsel of the Merit Systems Protection Board in its reply memorandum. In any event, the Office of Special Counsel's investigations are discretionary and are not a substitute for, or prerequisite to Rehabilitation Act claims.

Plaintiff also seeks to state a claim under the Fifth Amendment. Although the Court has serious doubt whether there is any constitutional remedy in addition to whatever relief plaintiff may be entitled to under the Rehabilitation Act, it is not necessary to reach this issue because plaintiff's constitutional claim is barred by the statute of limitations.

Plaintiff concedes that the applicable limitations period is three years and the complaint was filed more than three years after the alleged discrimination but maintains that the time period should be tolled during the period he pursued his administrative remedies or, alternatively, the cause of action did not accrue until he was denied administrative relief. Plaintiff's argument has already been rejected. In *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Supreme Court decided that because Title VII and 42 U.S.C. § 1981 were separate remedies pursuing administrative remedies under Title VII did not toll the statute of limitations for § 1981, even if the same set of facts were involved. The same rule must apply to plaintiff's independent claims based on the same facts under the Rehabilitation Act and the Fifth Amendment. Consequently, plaintiff's fifth amendment claim is time-barred.

Accordingly, all plaintiff's claims are dismissed except for his claims under Counts I and II against defendant Department of the Treasury based on the Rehabilitation Act.

SO ORDERED.