764 P.2d 27
**Mark A. JURGELLA,
Plaintiff/Appellant,**

**v.**

**Ronald DANIELSON, in his capacity as Chief of Police, Chandler Police Department; Jerald D. Carnahan, in his capacity as Personnel Director, City of Chandler, and City of Chandler, Defendants/Appellees.**

**No. 2 CA–CV 88–0121.**

Court of Appeals of Arizona,
Division 2, Department B.

April 21, 1988.
Petition and Cross-Petition for Review
Denied Nov. 22, 1988.*

---

* Gordon, C.J., of the Supreme Court, did not participate in the determination of this matter.

Law Offices of David F. Gomez by David F. Gomez, Phoenix, for plaintiff/appellant.

Lewis and Roca by Susan M. Freeman, Carole Penfield and Gayla L. Moss, Phoenix, for defendants/appellees.

LIVERMORE, Presiding Judge.

Mark Jurgella appeals from the summary judgment entered in favor of the defendants and dismissal of his claims for handicap discrimination, breach of contract, and wrongful termination. We affirm in part and reverse in part.

The facts, viewed in the light most favorable to appellant, are as follows. Mark Jurgella always wanted to be a police officer. After graduating from college with a major in criminal justice, Jurgella worked as a communications operator for the Wisconsin State Patrol and, in Arizona, as a dispatcher for the City of Tempe Police Department. In 1984 he applied for employment as a police officer with the City of Chandler. During a physical exam conducted as part of the application process, his history of hypertension was revealed and his blood pressure was measured at 158/100 in his right arm and 152/100 in his left arm. As a result, his employment with the City was made subject to the following conditions:

> Your physical revealed a history of hypertension which was still present at the time of your examination. It was a strong recommendation by the Physician's Assistant conducting this examination that you see your personal physician

as soon as possible to be placed on a program to control this problem.

I explained to you that as a condition of your employment, we would expect you to follow this advice as soon as possible and we would require a report from your physician as soon as possible. I also explained to you we would require periodic reports every three (3) months throughout your one year probation period. You must contact me immediately upon completion of the academy program to set up the first of these examinations and reports. Our primary concern is that you seek medical treatment and follow the medical advice you receive to control this condition.

Jurgella saw his personal physician and, on September 24, 1984, began taking Dyazide, a slow-acting, mild antihypertension medication. On September 30, at the direction of the City of Chandler, he entered the Arizona Law Enforcement Training Academy (ALETA) as a cadet. On October 3, ALETA officials became concerned when Jurgella became flushed after completing a physical training test. On October 4, his blood pressure was taken at ALETA and found to exceed ALEOAC[1] standards. ALEOAC regulations recommend disqualification of individuals with blood pressure of systolic over 150, and diastolic over 90 and do not permit the use of antihypertensive medication to meet these standards. Jurgella was dismissed from ALETA under the terms of this regulation.

On October 8, the City discharged Jurgella as a police officer because he failed to complete the course of training at ALETA. He was given the opportunity to stay on the payroll for one week as a clerical assistant while seeking other employment, but declined. Jurgella filed this action alleging handicap discrimination, breach of contract, and wrongful termination. The trial court granted defendants' motions for summary judgment and dismissed the claims. This appeal followed.

The primary issue is whether the City of Chandler is liable under the Federal Rehabilitation Act of 1973, 29 U.S.C. § 701, which prohibits discrimination against handicapped individuals in federally funded programs. To come under the Act, Jurgella must first establish that he is a handicapped person. *Forrisi v. Bowen*, 794 F.2d 931 (4th Cir.1986). The Federal Rehabilitation Act provides:

No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency....

29 U.S.C. § 794. Section 706(7)(B) defines a "handicapped individual" as "any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." "Major life activities" include working. 31 C.F.R. § 51.55(a)(3) (1986). "Is regarded as having such an impairment" is defined as:

(i) has a physical or mental impairment that does not substantially limit major life activities but that is treated by an employer as constituting such a limitation; (ii) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of an employer toward such impairment; or (iii) has none of the impairments defined in paragraph (a)(1) of this section but is treated by a recipient government as having such an impairment.

31 C.F.R. § 51–55(a)(5) (1986). It is apparent, therefore, that the Act encompasses not only impairments which actually limit a major life activity but also those which are merely perceived as doing so.

---

1. ALEOAC is the Arizona Law Enforcement Officer Advisory Council. It is empowered to prescribe minimum qualifications and training for police officers within the state. A.R.S.

§ 41–1822. Under its regulations, a person may not serve as a police officer without completing a certified training program such as that operated by ALETA.

■ Jurgella alleges that, by virtue of the regulation, he is regarded as being a handicapped individual; that his handicap prevents him from meeting the physical requirements of the job of police officer in Arizona; that, except for his handicap, he is otherwise qualified for the job; and that he is prevented by reason of his handicap from serving anywhere in the State of Arizona as a certified police officer. This is sufficient to state a claim for unlawful handicap discrimination. See *Blackwell v. United States Department of the Treasury,* 639 F.Supp. 289 (D.D.C.1986); *Bey v. Bolger,* 540 F.Supp. 910 (E.D.Pa.1982). Whether the regulation is unreasonable given modern medicine, as Jurgella argues, or is job-related in that, because of his condition, Jurgella cannot safely and efficiently perform the essential functions of a police officer without endangering his health and safety, is a question for the trier of fact.

■ Another question arises as to whether the City of Chandler is an appropriate defendant when it did not promulgate the regulation and was merely following state law by denying Jurgella employment as a police officer because, having failed to complete the required training, he could not be certified by the state. We do not believe the City can insulate itself from liability in this manner. Acts of Congress are part of the supreme law of the land which all states are bound to enforce by the Constitution. *Grand Canyon Airlines, Inc. v. Arizona Aviation, Inc.,* 12 Ariz.App. 252, 469 P.2d 486 (1970). Compliance with Arizona's law that all police officers be certified does not constitute a valid defense when certification is conditioned upon otherwise unlawful discriminatory practices in violation of the Rehabilitation Act. See *Ridinger v. General Motors Corp.,* 325 F.Supp. 1089 (S.D.Ohio 1971).[2]

■ In his second and third arguments, Jurgella cites as error the trial court's dismissal of his breach of contract and wrongful termination claims. As to those issues,

we affirm. Arizona law requires that police officers be certified by the state, and Jurgella knew at the time he was hired that his employment as a police officer was conditioned on his being certified. Jurgella failed to meet that condition when he was dismissed from ALETA, thus failing to complete the course of training required for certification. The City of Chandler cannot be held liable for dismissing Jurgella when he failed to meet that condition and when, by law, it cannot hire him.

The order of the trial court dismissing the claim of handicap discrimination is reversed and remanded for further proceedings, including ruling on appellees' motion to dismiss for failure to join the state as an indispensable party. The orders dismissing the claims of breach of contract and wrongful termination are affirmed.

ROLL and FERNANDEZ, JJ., concur.

Gordon, C.J., of the Supreme Court, did not participate in the determination of this matter.

---

**2.** Although we conclude that the City of Chandler is a proper defendant here, it should be noted that courts have held on equitable grounds that monetary damages are not recoverable where the employer acted in good faith in complying with a state statute that was subsequently declared unconstitutional. *Ridinger v. General Motors Corp.,* 325 F.Supp. at 1098–99.