110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tracey DEVORE; Gary Devore, husband and wife, Plaintiffs-Appellants,
v.
CITY OF MESA, a body politic; Charles K. Luster, City
Manager; Ellen Luster, f/k/a Jane Doe Luster; Guy Meeks,
Chief of Police; Doris Meeks, f/k/a Jane Doe Meeks; Lars
Jarvie, Captain, Mesa Police Department; Ruth Jarvie, f/k/a
Jane Doe Jarvie; Olga Flores, C.I.D. Records Supervisor,
Mesa Police Department; John Doe Flores; John Does I-X;
Jane Does I-X, Defendants-Appellees.
 No. 96-15383.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1997.*
Decided March 21, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-91-00036-SMM; Stephen M. McNamee, District Judge, Presiding.
 D.Ariz.
 AFFIRMED IN PART, VACATED IN PART.
 Before: ALARCN, BEEZER and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants Tracey Devore and Gary Devore appeal from the district court's orders granting summary judgment to Appellees City of Mesa, et al., and denying reconsideration. We have jurisdiction under 28 U.S.C. § 1291,[1] and we affirm.
 
 
 3
 * The district court granted the City of Mesa, et al. ("Mesa") summary judgment, first, on Count I of the complaint, which alleges that Mesa violated Tracey Devore's ("Devore") rights under the Arizona Civil Rights Act ("ACRA"), Ariz.Rev.Stat.Ann. §§ 41-1401 to 1491. The court concluded that Devore presented insufficient evidence that she is "handicapped" under the ACRA to withstand summary judgment. We review the district court's grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 4
 During the time of the events in question, the ACRA defined "handicap" as "a physical impairment that substantially restricts or limits an individual's general ability to secure, retain or advance in employment...." Ariz.Rev.Stat.Ann. § 41-1461(4) (West 1992). Mesa presented evidence in support of its summary judgment motion that Devore worked without difficulty for eight years at different job-sites. Mesa contends that no reasonable juror could conclude from this evidence that Devore's allergy to paint fumes and other hydrocarbons restricts or limits her general ability to secure or retain employment.
 
 
 5
 When a party moving for summary judgment points out an absence of evidence to support an essential element of the nonmoving party's case, see Celotex Corp. v. Catrett, 477 U.S. 317, 325-26 (1986), the nonmoving party bears the burden to present evidence such that a reasonable jury could return a verdict in its favor. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). Devore has come forward with evidence that she suffers hepatitis from exposure to paint fumes. It follows, she argues, that she cannot work where she is exposed to wet paint.
 
 
 6
 However true that may be, a handicap requires a condition that substantially limits her general ability to secure or retain work. "[A]n individual is not handicapped under the ACRA if his impairment only interferes with his ability to perform a particular job for a particular employer, but does not significantly decrease that individual's general ability to obtain satisfactory employment elsewhere." Bogue v. Better Bilt Aluminum Co., 875 P.2d 1327, 1333 (Ariz.Ct.App.1994) (citation omitted); see also Burris v. City of Phoenix, 875 P.2d 1340, 1344 (Ariz.Ct.App.1993). To determine whether an individual qualifies as handicapped under the ACRA, the fact-finder "must determine (1) the number and types of jobs from which the impaired individual is disqualified, (2) the geographic area to which the individual has reasonable access, and (3) the individual's job training, experience and expectations." Bogue, 875 P.2d at 1333 (citations omitted).
 
 
 7
 Devore has presented no more evidence of how a paint allergy affects one's general ability to secure work than she has of an allergy to bee stings or pesticides. Absent evidence that her paint allergy substantially limits her general employment prospects--beyond just her inability to retain one job--a reasonable juror could not find that she is handicapped under the statute.[2] With no genuine issue as to that essential element, Mesa is entitled to judgment as a matter of law on Devore's "handicap" ACRA claim.
 
 II
 
 8
 The district court also granted Mesa summary judgment on Devore's public policy violation and breach of contract claims, Counts II and IV of the complaint. The court held that because Devore is "not handicapped under the ACRA, Counts II and IV shall be dismissed as the allegations also are based on [Devore's] alleged underlying handicap."
 
 
 9
 As to Count II, which alleges that "Devore was demoted on the basis of her handicap in violation of Arizona's public policy," the district court no doubt is correct. With insufficient evidence that Devore is handicapped, this claim falls as a matter of law. Even if, moreover, there was a triable issue on handicap, Arizona courts have not recognized a retaliation tort for actions short of termination. See Mintz v. Bell Atlantic Sys. Leasing Int'l, 905 P.2d 559, 561-62 (1995); Burris, 875 P.2d at 1348; Bogue, 875 P.2d at 1338.
 
 
 10
 The district court also correctly dismissed Count IV to the extent that it alleges that Mesa breached its contract with Devore by demoting and not accommodating her because of handicap.[3] Count IV also alleges, however, that Mesa breached its contract with Devore for reasons that may not depend on the existence of her alleged handicap.[4] The district court did not explain why summary judgment is appropriate as to these claims. Mesa argues to us that the entire breach of contract count is barred on grounds of res judicata and failure to exhaust grievance remedies. We decline to consider these issues in the first instance.[5] Rather, to the extent Count IV alleges breach of contract for reasons that may not depend on the existence of a handicap, Count IV should be remanded to state court with the remaining state claims over which the district court declined to exercise supplemental jurisdiction.
 
 
 11
 We affirm the judgment of the district court as to Count I, Count II, and Count IV to the extent that Count IV alleges breach of contract based on Devore's alleged handicap. We vacate the judgment of the district court as to Count IV to the extent that Count IV alleges breach of contract for reasons that may not depend on the existence of a handicap. That part of Count IV is remanded to district court with instructions to remand to state court pursuant to the district court's order remanding the remainder of this case to the Maricopa County Superior Court. We deny both parties' requests for attorney's fees on appeal.
 
 
 12
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Appellees had removed this action to federal court from the Superior Court of Arizona on the basis of a federal question under 28 U.S.C. § 1331. The district court dismissed the federal claims by stipulation, granted summary judgment as to three state claims that the parties had fully briefed and argued, and declined to exercise supplemental jurisdiction over the remaining state claims, remanding them to state court. Appellants appeal the district court's entry of summary judgment on the three state claims over which the district court exercised supplemental jurisdiction
 
 
 [2]
 See Capitano v. State of Arizona, 875 P.2d 832, 834 (Ariz.Ct.App.1993) ("Capitano did not present evidence or even allege that his general employment prospects are limited in any significant way as a consequence of his hearing loss, other than by the denial of the CSO position he sought.")
 
 
 [3]
 See Complaint pp 49a, b, h, and i
 
 
 [4]
 See Complaint pp 49c-g
 
 
 [5]
 See Schneider v. County of San Diego, 28 F.3d 89, 93 (9th Cir.1994) ("The district court granted summary judgment without reaching the immunity issues. These issues should be addressed in the first instance by the district court."), cert. denied, 115 S.Ct. 1112 (1995); Davis v. United States Dep't of Hous., 627 F.2d 942, 945 (9th Cir.1980) ("The arguments advanced on appeal in support of the contention that summary judgment would have been appropriate have not been considered by the district court and we decline to consider them in the first instance.")