943 P.2d 822

**Bonnie MADDEN–TYLER, a married woman, Plaintiff–Appellant,**

**v.**

**MARICOPA COUNTY, a body politic; Tom Rawles, John Katsenes, Betsy Bayless, Ed King, Mary Rose Wilcox, in their official capacities as members of the Maricopa County Board of Supervisors; Judith Allen, in her official capacity as Clerk, Maricopa County Superior Court Clerk's Office; the Honorable C. Kimball Rose, Presiding Judge of the Maricopa County Superior Court; Jackie Crawford, a married woman, in her individual capacity, Defendants–Appellees.**

**No. 1 CA–CV 96–0162.**

Court of Appeals of Arizona, Division 1, Department A.

March 6, 1997.

Review Denied Sept. 16, 1997.*

* Jones, V.C.J., recused himself and did not participate in the determination of this matter.

of the Civil Rights Act, § 504 of the Rehabilitation Act, or Title II of the Americans with Disabilities Act. Instead, the time limits of the most appropriate state statute are to be applied. In this appeal, we hold that the most appropriate statute of limitations for all three acts is Arizona Revised Statutes Annotated ("A.R.S.") § 12–542, setting a two-year limit for personal injury actions. Accordingly, we conclude that the trial court erred in applying different statutes of limitations and thus reverse the judgment dismissing appellant's claims on statute of limitations grounds.

## FACTS [1] AND PROCEDURAL HISTORY

Bonnie Madden–Tyler ("appellant") was employed by the office of the Clerk of the Maricopa County Superior Court as director of information services. In October 1992 she was assigned to a project to reorganize the office's file room. The project involved placing files in boxes and moving shelving units.

During a project planning meeting, appellee Jackie Crawford, appellant's supervisor, informed appellant and other staff members that the County could not afford to hire outside labor to assist with the project, and therefore the office staff would be required to do the work. Appellant informed Crawford that she could not do the physical labor involved because she had a very weak lower back and had undergone medical treatment for it in the past. Crawford told appellant that she still would have to perform the work required to complete the project.

On October 22, 1992, appellant worked from about 6 p.m. until midnight moving and unboxing files. When she left the office, she felt pain in her back. The next morning, she informed appellee Judith Allen, clerk of the superior court, that she had hurt her back and needed help to complete the project. Allen did not provide appellant with more help.

Appellant received medical treatment for her back pain. On December 22, 1992, she had surgery for a ruptured lumbar disk.

Moore, McCoy & Payne, P.A. by Janice Harrison Moore and Tracey N. Fernandes, Phoenix, for Plaintiff–Appellant.

Jennings, Strouss & Salmon, P.L.C. by Ernest Calderon and Gordon Lewis, Phoenix, for Defendants–Appellees.

## OPINION

RYAN, Judge.

Congress did not enact specific statutes of limitations for claims brought under § 1983

---

1. Because this appeal is from summary judgment, we view the facts in the light most favorable to the non-moving party. *Gonzalez v. Sa-* *trustegui*, 178 Ariz. 92, 97, 870 P.2d 1188, 1193 (App.1993).

After using all her accrued sick and vacation leave and compensatory time, appellant returned to work. Because of her back condition, she could work only part-time. Appellant resigned from her job on April 1, 1993, because she could not control her work flow and her back pain made it difficult for her to concentrate. She filed a workers' compensation claim and received benefits.

Appellant wrote to the U.S. Department of Justice ("DOJ") and requested a waiver of the 180–day period for filing a claim with the Equal Employment Opportunity Commission ("EEOC"). The DOJ granted the waiver. On March 31, 1994, appellant filed the lawsuit from which this appeal arose. Appellant filed a charge of handicap discrimination with the EEOC on April 5, 1994; the EEOC issued a right-to-sue letter on April 22, 1994.

In her amended complaint, appellant brought claims against the defendants[2] for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 to 12213; violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; wrongful constructive discharge in violation of public policy; and violation of her civil rights under 42 U.S.C. § 1983. She also brought a claim against Crawford for tortious interference with contract.

Appellees asked for dismissal of appellant's wrongful discharge and tortious interference claims on grounds that she had failed to raise those claims with the Maricopa County Merit Commission and that workers' compensation was her exclusive remedy for tort claims arising out of her work-related injury. The trial court dismissed those two claims.

Next, appellees requested summary judgment on the remaining claims, arguing that they had been untimely filed under the applicable statutes of limitations. Appellees separately asked for summary judgment on the basis that, as a matter of law, appellant was not disabled at the time she was injured.

The trial court found a genuine issue of fact as to whether appellant was disabled

under the ADA and denied that motion for summary judgment. However, the court concluded that appellant's Title I ADA claim was barred by the federal 180–day claim statute, that the appropriate limitations period for her Title II ADA and Rehabilitation Act claims was the 180–day limit under Arizona's Civil Rights Act ("ACRA"), and that her claims were filed later than 180 days after the claims accrued and the DOJ did not waive that limitations period. It therefore granted summary judgment on those claims. The court requested supplemental memoranda on the statute of limitations governing appellant's § 1983 claim.

The court subsequently ruled that a one-year statute of limitations applied to appellant's § 1983 claim, and it granted summary judgment in favor of appellees on that claim. The court entered final judgment in favor of appellees and appellant timely appealed. We have jurisdiction. A.R.S. § 12–2101(B).

## DISCUSSION

### A. Limitations Period for § 1983 Claim

■ Appellant first argues that under federal law, her § 1983 claim is governed by the two-year statute of limitations in A.R.S. § 12–542(1) for personal injury actions. Appellees respond that the one-year statute of limitations in A.R.S. § 12–821 should apply because appellant's personal injury action is against public employees, and § 12–821 controls in such actions.

■ Federal statutes contain no specific limitation period for civil rights claims brought under § 1983. *Wilson v. Garcia,* 471 U.S. 261, 266, 105 S.Ct. 1938, 1941, 85 L.Ed.2d 254 (1985). If no limitation period exists for a federal cause of action, a local time limitation will apply unless it conflicts with federal law or policy; federal interests must predominate. *Id.* at 266–67, 105 S.Ct. at 1941–42; *see also Baker v. Board of Regents of State of Kan.,* 991 F.2d 628, 630 (10th Cir.1993). In 42 U.S.C. § 1988, Con-

---

**2.** Appellant named as defendants Allen in her official capacity as Clerk of the Maricopa County Superior Court; the Honorable C. Kimball Rose, presiding judge of the court; and Crawford in her individual capacity (collectively "defendants"

or "appellees"). Appellant also sued Maricopa County and the members of the Board of Supervisors, but the trial court dismissed the County and supervisors from the action upon stipulation by the parties.

gress implicitly endorsed this approach for civil rights claims. *Wilson,* 471 U.S. at 266–67, 105 S.Ct. at 1941–42.

Before *Wilson,* § 1988 required courts to select the "most analogous" or "most appropriate" state statute of limitations as the governing statute. *Blake v. Dickason,* 997 F.2d 749, 750 (10th Cir.1993). In *Wilson,* "the Supreme Court abandoned that uncertain and confusing practice in favor of a simple, bright-line rule." *Id.* In deciding that § 1983 claims "are best characterized as personal injury actions," the *Wilson* Court held that the general personal injury statute of limitations of the forum state should be applied to all § 1983 claims. 471 U.S. at 280, 105 S.Ct. at 1949; *Blake,* 997 F.2d at 750. "The characterization of all § 1983 actions as involving claims for personal injuries minimizes the risk that the choice of a state statute of limitations would not fairly serve the federal interests vindicated by § 1983." *Wilson,* 471 U.S. at 279, 105 S.Ct. at 1949.

■ Although appellees acknowledge that a personal injury statute of limitations applies to the § 1983 claim, they urge us to apply A.R.S. § 12–821 *rather than* A.R.S. § 12–542(1). Section 12–821 requires that a person who wishes to file a claim against a public entity or employee must do so within one year after the cause of action accrues.[3]

Two factors work against appellees' position. First, in *Wilson,* a § 1983 case against a New Mexico state police officer and police chief, the defendants argued that the action was barred by the statute of limitations in the New Mexico Tort Claims Act. That Act provided that any action "against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence." 471 U.S. at 263 n. 2, 105 S.Ct. at 1940 n. 2 (citing N.M.Stat.Ann. § 41–4–15(A) (1978)). The *Wilson* Court noted that the plaintiff's claim could have been

characterized "as governed by the special New Mexico statute authorizing recovery against the State for the torts of its agents." *Id.* at 273, 105 S.Ct. at 1945. But the Court rejected the special statute of limitations and instead applied New Mexico's three-year general statute governing actions for "injury to the person or reputation of any person." *Id.* at 280, 105 S.Ct. at 1949.

Second, in revisiting the question of the applicable statute of limitations for a § 1983 claim, the Supreme Court in *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), clarified the rule from *Wilson.* In *Owens,* the police officer defendants argued that because the plaintiff had alleged intentional torts, New York's one-year statute of limitations for intentional torts should govern. The Court rejected this argument and held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." 488 U.S. at 249–50, 109 S.Ct. at 582.

■ We conclude that applying a statute specific to tort actions against governmental entities and employees conflicts with the Supreme Court's preference for "a simple, broad characterization of all § 1983 claims [that] best fits the statute's remedial purpose." *Wilson,* 471 U.S. at 272, 105 S.Ct. at 1945. Therefore, we hold that the two-year limitations period of A.R.S. § 12–542(1) applies to appellant's § 1983 claim. Because her complaint was filed within two years from the time her claim accrued on October 22, 1992, we reverse the trial court's entry of judgment in favor of appellees on appellant's § 1983 claim.

**B. Statute of Limitations for Rehabilitation Act Claim**

■ Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehabilitation

3. Amended A.R.S. § 12–821 became effective after appellant's cause of action accrued. "No statute is retroactive unless expressly declared so by the Legislature." *Wilco Aviation v. Garfield,* 123 Ariz. 360, 362, 599 P.2d 813, 815 (App. 1979); A.R.S. § 1–244. The version in effect in 1992 required plaintiffs to file claims "within twelve months after the cause of action accrues"

and barred untimely claims "except upon a showing of excusable neglect" or, if there is no excusable neglect, "if the absence of excusable neglect is because of the conduct of the claimant's attorney." A.R.S. § 12–821(A). The amended version simplifies the language and deletes the excusable neglect exceptions.

Act") [4] also contains no statute of limitations. Appellant therefore argues that the two-year statute of limitations in A.R.S. § 12–542 should apply to her Rehabilitation Act claim because it is the most analogous state statute of limitations. Appellees counter that ACRA [5] is the state statute most analogous to the Rehabilitation Act. They maintain that the 180–day statute of limitations of A.R.S. § 41–1481 governs appellant's Rehabilitation Act claim.

■ Since the Rehabilitation Act contains no statute of limitations for actions filed seeking relief for violations of its provisions, a court must select the most analogous state statute to determine the applicable limitations period. *Morse v. University of Vt.*, 973 F.2d 122, 125 (2nd Cir.1992); *Hall v. Knott County Bd. of Educ.*, 941 F.2d 402, 407–08 (6th Cir.1991), *cert. denied*, 502 U.S. 1077, 112 S.Ct. 982, 117 L.Ed.2d 144 (1992); *see also Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S.Ct. 2617, 2620, 96 L.Ed.2d 572 (1987).

■ The objective of § 504 of the Rehabilitation Act is to prohibit "discrimination, exclusion or denial of benefits to otherwise qualified handicapped individuals." *Morse*, 973 F.2d at 126 (quoting S.Rep.No. 318, 93d Cong. 1st Sess. 504 (1973) *reprinted in* 1973 U.S.C.C.A.N. 2076, 2143). "In prohibiting discrimination on the basis of a person's handicap, § 504 has the same type of broad, remedial goals as §§ 1981 and 1983," and it encompasses "a wide diversity of claims." *Id.; see also Alexopulos v. San Francisco Unified Sch. Dist.*, 817 F.2d 551, 554 (9th Cir.1987) (finding § 504 closely analogous to § 1983). As noted earlier, discrimination claims under 42 U.S.C. §§ 1981 and 1983 are essentially claims for personal injury. *See Goodman*, 482 U.S. at 661, 107 S.Ct. at 2621

(§ 1981 actions); *Wilson*, 471 U.S. at 280, 105 S.Ct. at 1949 (§ 1983 actions).

Following this rationale, a number of federal courts have decided that state statutes of limitations governing personal injury actions should apply in cases brought under § 504 of the Rehabilitation Act. *E.g., Southerland v. Hardaway Management Co.*, 41 F.3d 250 (6th Cir.1994); *Baker*, 991 F.2d 628; *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980 (5th Cir.1992); *Morse*, 973 F.2d 122. The *Morse* court explained:

> The Supreme Court's reasoning in *Wilson* and *Goodman*—rejecting a case-by-case approach to statute of limitations questions—is thus equally compelling with respect to § 504 actions. The selection of one particular state statute of limitations applicable to all claims brought under § 504 provides that certainty and consistency the lack of which was criticized in *Wilson* and *Goodman*.

973 F.2d at 126–27.

Appellees assert, however, that because A.R.S. § 41–1463 prohibits employment discrimination against, among others, disabled persons, it is most analogous to the Rehabilitation Act and its statute of limitations should govern actions brought under the federal act. Appellees cite this court's comments that ACRA "is generally similar in both intent and purpose to the Federal Rehabilitation Act of 1973." *Bogue v. Better–Bilt Aluminum Co.*, 179 Ariz. 22, 27, 875 P.2d 1327, 1332 (App.1994); *see also Capitano v. Arizona*, 178 Ariz. 599, 602 n. 4, 875 P.2d 832, 835 n. 4 (App.1993); *Matos v. City of Phoenix*, 176 Ariz. 125, 128, 859 P.2d 748, 751 (App.1993).

In support of this assertion, appellees rely on two federal cases in which the appellate courts applied the limitation periods of state statutes prohibiting disability discrimination.

---

4. The Rehabilitation Act at 29 U.S.C. § 794(a) says in part:
   No otherwise qualified individual with a disability in the United States, as defined in section 706(8) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity

conducted by any Executive agency or by the United States Postal Service.

5. *See* A.R.S. §§ 41–1401 through –1492.12. ACRA makes it unlawful for an employer to discriminate against or refuse to hire or accommodate an individual on the basis of "race, color, religion, sex, age, handicap or national origin." A.R.S. § 41–1463(B)(1)–(3).

In *Wolsky v. Medical College of Hampton Roads,* the court found that Virginia's Rights of Persons with Disabilities Act was "modeled after and is almost identical to the Rehabilitation Act." 1 F.3d 222, 224 (4th Cir. 1993), *cert. denied,* 510 U.S. 1073, 114 S.Ct. 881, 127 L.Ed.2d 77 (1994). The court thus concluded that the one-year statute of limitations in the Virginia Act, not the longer general personal injury statute of limitations, should apply to an action brought under the Rehabilitation Act. *Id.* The *Wolsky* court distinguished *Morse* and *Hall* because in those cases "the respective states had not enacted statutes forbidding discrimination against disabled persons." *Id.*

The Fourth Circuit reached a similar conclusion in *McCullough v. Branch Banking & Trust Co.,* 35 F.3d 127 (4th Cir.1994), *cert. denied,* 513 U.S. 1151, 115 S.Ct. 1101, 130 L.Ed.2d 1069 (1995), based on the forum state's specific act protecting disabled individuals from discrimination. *Id.* at 130. The court found that the North Carolina act's 180–day filing requirement was like a statute of limitations and applied it instead of the general statute of limitations for personal injury actions to bar the plaintiff's Rehabilitation Act claim. *Id.* at 132.

The case before us is different, however, and *Wolsky* and *McCullough* do not control. First, the Virginia and North Carolina statutes on which *Wolsky* and *McCullough* rely do not require the filing of an administrative charge before filing a lawsuit. *See* N.C.Gen. Stat. § 168A–1 to –12; Va.Code Ann. § 51.5– 1 to –59. Second, the Virginia and North Carolina acts create—for one distinct class of individuals—rights that are enforced solely in the courts. N.C.Gen.Stat. § 168A–11(a); Va.Code Ann. § 51.5–46.

In contrast, ACRA requires that a charge first be filed with the ACRD within 180 days after the alleged unlawful employment practice occurred. A.R.S. § 41–1481(A); *see Ornelas v. SCOA Indus., Inc.,* 120 Ariz. 547, 547, 587 P.2d 266, 266 (App.1978). ACRA also requires, among other things, that a filed charge remain confidential. *Id.* A charge is also subject to conciliation or other means of settlement. A.R.S. § 41–1481(B). Such procedures and time limits are not com-

patible with the underlying federal policies of § 504. *See Burnett v. Grattan,* 468 U.S. 42, 50, 104 S.Ct. 2924, 2930, 82 L.Ed.2d 36 (1984) ("[A] state law is not 'appropriate' if it fails to take into account practicalities that are involved in litigating federal civil rights claims and policies."); *accord Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 729 (6th Cir.1996) (applying state statute of limitations for personal injury claims instead of administrative limitations period to allow federal claim to proceed).

ACRA contains no statute of limitations for filing a court action in the absence of filing an administrative charge. After a charge of discrimination is filed with the ACRD or with the EEOC, the ACRD has ninety days in which to give notice to the charging party of either its dismissal of the charge or its failure to settle the matter or pursue a civil action before the charging party may bring a civil action against the respondent named in the charge. A.R.S. § 41–1481(D). The charging party has one year after the filing of the charge to bring such an action. *Id.*

■ Under this statutory scheme, the filing of a charge of discrimination with an administrative agency is a prerequisite to filing a lawsuit on the alleged discrimination. *See Ornelas,* 120 Ariz. at 547–48, 587 P.2d 266. But actions brought under § 504 of the Rehabilitation Act may be filed without first exhausting administrative remedies. *E.g., Miener v. State of Mo.,* 673 F.2d 969, 978 (8th Cir.), *cert. denied,* 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982); *Pushkin v. Regents of Univ. of Colo.,* 658 F.2d 1372, 1382 (10th Cir.1981); *Kling v. County of Los Angeles,* 633 F.2d 876, 879 (9th Cir.1980). Regulations governing § 504, specifically, 45 C.F.R. § 84.61, adopt the enforcement procedures of Title VI of the Civil Rights Act of 1964, 45 C.F.R. §§ 80.6–80.10; the same procedures were also adopted to enforce Title IX of the Education Amendments of 1972, 45 C.F.R. § 86.71. *Kling,* 633 F.2d at 879. The *Kling* court explained that in *Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), the Supreme Court held that a plaintiff need not exhaust Title IX administrative remedies before filing

a private action. 633 F.2d at 879. Because the administrative procedures under § 504 are the same as those under Title IX, and because administrative procedures afford inadequate relief to complainants, the *Kling* court concluded that exhaustion is not required under § 504. *Id.*

■ The procedure for filing an action under the Rehabilitation Act differs from the procedure prescribed in ACRA. Because the 180–day statute of limitations of ACRA attaches to the administrative charge, we conclude that this limitation period cannot apply to a Rehabilitation Act claim. Likewise, the one year time limit of A.R.S. § 41–1481(D) is also tied to the administrative charge and therefore is not applicable to this federal claim. Accordingly, we follow the reasoning of *Morse* and apply the state's general personal injury statute of limitations to a Rehabilitation Act claim. 973 F.2d at 125; *see also Hall,* 941 F.2d at 407–08. That Arizona statute is A.R.S. § 12–542, which provides for a two-year limitation period. Thus, appellant's Rehabilitation Act claim was timely filed in the superior court, and we reverse the summary judgment granted to appellees on this claim.

### C. Statute of Limitations for the ADA Claims

Appellant also brought ADA claims under Title I,[6] which deals with disability discrimination in employment, and Title II,[7] which concerns disability discrimination in public services. Different procedures and policies apply to these parts of the ADA. Because Title II is most similar to the Rehabilitation Act, we begin with it.

#### 1. Title II

■ Like the Rehabilitation Act, the ADA contains no statute of limitations. Title II of the ADA incorporates the same rights, remedies, and procedures as the Rehabilitation Act. *See* 42 U.S.C. § 12133.[8]

In *Tyler v. City of Manhattan,* 857 F.Supp. 800, 812 (D.Kan.1994), an action

brought under Title II of the ADA, the court ruled that it had jurisdiction notwithstanding the plaintiff's failure to exhaust his administrative remedies. The court cited to a section in 28 C.F.R. Part 35 for the proposition that compliance procedures provide a private right of action for persons with disabilities, who need not first exhaust federal administrative remedies. *Id.* Similarly, the court in *Ethridge v. State of Alabama,* 847 F.Supp. 903, 906–07 (M.D.Ala.1993), noted that filing a charge with the EEOC was not required under Title II because that title incorporated the Rehabilitation Act's enforcement procedures, which do not require non-federal employee-plaintiffs to exhaust administrative remedies. *Accord Smith v. Barton,* 914 F.2d 1330, 1338 (9th Cir.1990), *cert. denied,* 501 U.S. 1217, 111 S.Ct. 2825, 115 L.Ed.2d 995 (1991).

Because the procedures for Title II and the Rehabilitation Act are the same and exhaustion of administrative remedies is required for neither, we conclude that the statute of limitations in A.R.S. § 12–542 should apply to appellant's Title II claim. Accordingly, we reverse summary judgment against appellant on this claim.

#### 2. Title I

■ Title I of the ADA is governed by the procedures of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq. See* 42 U.S.C. § 12117(a); *Kent v. Director, Mo. Dep't of Elem. & Secondary Educ.,* 792 F.Supp. 59, 62 (E.D.Mo.1992). Before bringing suit under Title VII, the plaintiff must file a discrimination charge with the EEOC within 180 days of the alleged unlawful practice and receive a right-to-sue letter from the EEOC. *Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 626 (9th Cir.1988) (citing 42 U.S.C. § 2000e–5(f)(1)); *see also Kent,* 792 F.Supp. at 62. Filing a timely charge with the EEOC is not a jurisdictional prerequisite to filing a court action, but it operates as a statute of limitations that is subject to waiv-

---

6. 42 U.S.C. §§ 12111—12117.

7. 42 U.S.C. §§ 12131—12134.

8. "The remedies, procedures and rights set forth in § 794(a) of Title 29 [the Rehabilitation Act]

shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of § 12132 of this Title."

er, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 394, 102 S.Ct. 1127, 1132, 1133, 71 L.Ed.2d 234 (1982). Thus, Title I differs from Title II in that Title I has "a statutory prerequisite analogous to a statute of limitations." *Sherman v. Standard Rate Data Serv., Inc.*, 709 F.Supp. 1433, 1436–37 (N.D.Ill.1989). This statutory prerequisite is similar to that found in ACRA requiring the filing of an administrative charge with the ACRD before pursuing a civil court action. *See* A.R.S. § 41–1481(A).

Appellees argue that appellant's Title I action must be dismissed because she did not file a charge with the EEOC within 180 days of the alleged unlawful practice or even before she filed her lawsuit. Appellant disagrees, arguing that the DOJ waived the requirement that she file a charge with the EEOC.

The letter to appellant from the DOJ mentions nothing about a claim under Title I of the ADA; it refers only to Title II and to § 504 of the Rehabilitation Act. In the letter, the DOJ states:

> Because of your immediate complaint to your supervisor and your diligence in pursuing the information about a remedy other than workman's compensation, the Department grants your request for a waiver from the 180 day filing requirement.

The DOJ advised appellant that she was entitled to file a private suit in federal court under Title II and that there was no requirement that she exhaust administrative remedies prior to filing a Title II complaint.

We conclude that there remains a question of fact regarding whether the DOJ waived the 180–day filing requirement for appellant's Title I claim. While the DOJ granted a "waiver from the 180 day filing requirement," it omitted any reference to appellant's Title I claim, instead stating only that she was not required to exhaust administrative remedies before filing a Title II action. It could be inferred that the DOJ's waiver of the 180–day filing requirement applied to something other than the Title II claim since that claim could be filed in court without exhausting administrative remedies. Accordingly, we reverse summary judgment on the ADA Title I claim and remand for further proceedings.

## D. Attorneys' Fees

▮ Appellant requests attorneys' fees and costs under Arizona Rules of Civil Appellate Procedure 21(C), 42 U.S.C. § 1988(b), 29 U.S.C. § 794(a), and 42 U.S.C. §§ 12101 to – 12213. We decline to award fees and costs because plaintiff has not yet prevailed on the merits of her federal claims. *See Hewitt v. Helms*, 482 U.S. 755, 757, 760, 107 S.Ct. 2672, 2674, 2675, 96 L.Ed.2d 654 (1987) (per curiam) (denying fees and costs because interlocutory ruling that complaint should not be dismissed does not amount to victory on merits or render plaintiff "prevailing party"); *Hanrahan v. Hampton*, 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (same).

## CONCLUSION

In summary, we reverse the judgment finding that appellant's federal claims were barred by the statutes of limitations. We remand for further proceedings consistent with this opinion.

FIDEL, Acting P.J., concurs.

THOMPSON, Judge, concurring in part, dissenting in part.

I concur, with some reservations, in Part A of the opinion regarding the § 1983 claim. I respectfully dissent from Parts B and C of the opinion, and would apply a 360–day statute of limitations to appellant's Rehabilitation Act and ADA claims.

I agree with the majority that *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) is dispositive as to appellant's § 1983 claim. In *Wilson*, the United States Supreme Court expressly rejected the contention that a separate state statute of limitations for actions against a government would be applied to § 1983 actions. 471 U.S. at 279, 105 S.Ct. at 1948. My reservations about this result include the fact that appellant did not present this dispositive argument premised on *Wilson* until she filed her reply brief on appeal, and appellee has not been afforded an opportunity to respond to it. I am also made uneasy by an apparent *non sequitur* in the Court's analysis in *Wilson*.

*Wilson* says that the question of the proper characterization of a federal cause of ac-

tion, such as an action under § 1983, for statute of limitations purposes, is a question of federal law, but that "the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law." *Id.*, 471 U.S. at 268, 269, 105 S.Ct. at 1943. Whether to use Arizona's statute of limitations for actions against a governmental entity in a § 1983 action involves, it seems to me, a question of "application," not of "characterization." The "character" of a cause of action does not change based on the identity of the party against whom it is brought. *See Ryan v. State*, 134 Ariz. 308, 656 P.2d 597 (1982) (although areas of immunity remain, in other respects state and its agencies are subject to the same tort liability as private citizens). "Questions of tolling and application" of statutes of limitation often depend on who is being sued.

However, *Wilson* holds that one statute of limitations will be applied to all § 1983 actions within a state, and the majority has, I agree, correctly followed that directive.

The Arizona Civil Rights Act ("ACRA") is most analogous to the Rehabilitation Act and the ADA. In my view, the majority has erred in failing to have recourse to an applicable ACRA statute of limitations.

Under ACRA, an aggrieved person has 180 days after the commission of an unlawful employment practice to file a charge of discrimination with the ACRD or the EEOC, and the agency has a presumptive period of 60 days to investigate the charge and determine whether the charge is supported by probable cause. If the agency dismisses the charge, or fails to act within 90 days after the claimant filed it, the agency issues a notice to the claimant. Within 90 days after the notice is given, the claimant may sue. In other words, in the absence of any agency delay in investigating the charge or issuing the notice, the claimant has 360 days from the act complained of to sue. If agency delay makes the claimant unable to file timely, a "safety valve" provision allows a suit to be brought up to one year after the charge was filed with the agency. A.R.S. § 41–1481(D).

The majority concludes that, because an Arizona claimant must file its ACRA claim with an agency, and a federal claimant under the Rehabilitation Act or the ADA need not, the ACRA limitations period does not track the same events and cannot apply to the federal actions. I disagree. Appellant's filing of this lawsuit was unimpeded by any agency delay (because she sought no agency action on her claims). I can see no reason that the 360–day limitations period of ACRA could not and should not apply to appellant, who sued over 500 days after the allegedly offending practice was committed by appellees. If appellant had sought the assistance of federal agencies in investigating and pursuing her claim, she could have, if it proved necessary, claimed the benefit of the analogous ACRA "safety valve," expanded limitations period.

To be sure, the majority's approach affords the benefit of providing a uniform rule for actions brought in Arizona under § 1983, the Rehabilitation Act, or the ADA. But our charge, as I understand it, is to find an appropriately analogous Arizona statutory scheme and apply its statute of limitations. I would do so here, and affirm dismissal as to the claims brought under the Rehabilitation Act and the ADA.