Dennis David MCCULLEY, Plaintiff–Appellant,

v.

CITY OF TUCSON; Tucson Police Dept.; et al., Defendants– Appellees.

No. 02–16677.

D.C. No. CV–98–00371–RCC.

United States Court of Appeals, Ninth Circuit.

---

Submitted June 9, 2003.*

Decided June 19, 2003.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Dennis David McCulley appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that the Tucson Police Department violated his rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, when police officers shot him after he threatened them with a knife. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). We affirm.

Because McCulley failed to file his action within two years of when he knew or should have known of his injuries, the district court properly dismissed his action as time-barred. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999) (applying a two-year statute of limitations to 42 U.S.C. § 1983 claims brought in Arizona); *see also Madden–Tyler v. Maricopa County*, 189 Ariz. 462, 943 P.2d 822, 829 (1997) (applying two-year statute of limitations to ADA and Rehabilitation Act claims).

The district court properly determined that McCulley was not entitled to tolling of the limitations period based on an unsound mind because it appears from the record that at the time the causes of action accrued, McCulley understood that he had been shot and believed that officers used poor judgment. *See Florez v. Sargeant*, 185 Ariz. 521, 917 P.2d 250, 253–54; *see also Doe v. Roe*, 191 Ariz. 313, 955 P.2d 951, 963–64 (1998) (en banc).

McCulley's contention that Arizona's former disability imprisonment statute tolls his action lacks merit because McCulley was not incarcerated at the time the causes of action accrued. *See Krug v. Imbordino*, 896 F.2d 395, 397 (9th Cir. 1990).

Contrary to McCulley's contention, the district court properly concluded that de-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, McCulley's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

fendants did not induce McCulley to forbear filing suit. *See Nolde v. Frankie,* 192 Ariz. 276, 964 P.2d 477, 480–81 (1998) (stating standard for demonstrating estoppel based on forbearance).

The district court did not abuse its discretion in denying McCulley's request to amend his second amended complaint because amendment would be futile. *See Pink v. Modoc Indian Health Project, Inc.,* 157 F.3d 1185, 1189 (9th Cir.1998).

We do not consider McCulley's continuing violation contention because he did not raise it below. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878, 882 (9th Cir.2003).

McCulley's remaining contentions lack merit.

We deny all pending motions.

**AFFIRMED.**