Dennis David MCCULLEY,
Plaintiff–Appellant,

v.

CITY OF TUCSON; Tucson Police Dept.; et al., Defendants–Appellees.

No. 02–16677.
D.C. No. CV–98–00371–RCC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2004.*

Decided Feb. 12, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, McCulley's request for oral argument is denied.

**22**

Dennis David McCulley, Council Bluffs, IA, Pro se.

Daryl A. Audilett, Kimble Nelson Audilett McDonough & Molla PC, Tucson, AZ, for Defendant–Appellee.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

### ORDER

The unpublished memorandum disposition filed June 19, 2003 is withdrawn. A memorandum disposition filed concurrently with this Order is filed in its place.

Appellant's petition for panel rehearing is denied.

### MEMORANDUM**

Dennis David McCulley appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that the Tucson Police Department and various individuals violated his constitutional rights, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act, when police officers shot him after he threatened them with a knife. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994) (per curiam). We affirm in part, vacate in part and remand.

McCulley's 42 U.S.C. § 1983 action arose from his September 7, 1995 arrest. On October 8, 1996, McCulley was convicted of aggravated assault. On August 10, 1998, McCulley brought his section 1983 action. On January 18, 2000, McCulley's conviction was overturned.

We affirm the district court's dismissal of McCulley's ADA and Rehabilitation causes of action as barred by the statute of limitations. *See Madden–Tyler v. Maricopa County,* 189 Ariz. 462, 943 P.2d 822, 829 (1997) (applying two-year statute of limitations to ADA and Rehabilitation Act claims).

Regarding McCulley's remaining constitutional claims, the district court properly determined that McCulley was not entitled to tolling of the limitations period based on an unsound mind because it appears from the record that at the time the causes of action accrued, McCulley understood that he had been shot and believed that officers used poor judgment. *See Florez v. Sargeant,* 185 Ariz. 521, 917 P.2d 250, 253–54; *see also Doe v. Roe,* 191 Ariz. 313, 955 P.2d 951, 963–64 (1998) (en banc).

McCulley's contention that Arizona's former disability imprisonment statute tolls his action lacks merit because McCulley was not incarcerated at the time the causes of action accrued. *See Krug v. Imbordino,* 896 F.2d 395, 397 (9th Cir. 1990).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Contrary to McCulley's contention, the district court properly concluded that defendants did not induce McCulley to forbear filing suit. *See Nolde v. Frankie,* 192 Ariz. 276, 964 P.2d 477, 480–81 (1998) (stating standard for demonstrating estoppel based on forbearance).

The record indicates that McCulley's aggravated assault conviction was overturned on January 18, 2000. Because causes of action for false arrest, false imprisonment and warrantless search and seizure do not accrue until the underlying criminal charges have been dismissed or the conviction has been overturned, *see Harvey v. Waldron,* 210 F.3d 1008, 1014–15 (9th Cir. 2000), McCulley could not have brought his constitutional claims until the conviction was overturned because they would have been barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Accordingly, the district court erred in dismissing McCulley's constitutional claims as statutorily barred. *See Harvey,* 210 F.3d at 1016.

We deny all pending motions.

We AFFIRM the district court's grant of summary judgment on McCulley's ADA and Rehabilitation causes of action. We VACATE and REMAND for further proceedings on McCulley's section 1983 claims.

Each party shall bear its own costs on appeal.

**AFFIRMED in part; VACATED in part and REMANDED.**