MEMORANDUM **
Arlene D. Rowland appeals pro se from the district court’s judgment dismissing her action alleging employment discrimination and retaliation in violation of state law, Title VII, the Americans with Disabilities Act, the Sarbanes-Oxley Act (“SOX”), the Family Medical Leave Act (“FMLA”), and other federal statutes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim. Knievel v. ESPN, 893 F.3d 1068, 1072 (9th Cir.2005). We review for abuse of discretion denial of leave to amend and denial of a request for default judgment. Chodos v. West Publ’g Co., 292 F.3d 992, 1003 (9th Cir.2002); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986). We affirm.
The district properly dismissed Rowland’s federal discrimination and retaliation claims as untimely. See Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir.2000) (explaining that where the plaintiff initially institutes proceedings with a state or local agency, a charge of employment discrimination must be filed with the Equal Employment Opportunity Commission (“EEOC”) within 300 days of the discriminatory act); Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 (9th Cir.1990) (“An action brought under Title VII must be filed within ninety days of receipt of a right to sue letter from the EEOC or appropriate state agency.”).
The district court also properly dismissed Rowland’s state discrimination claims and section 806 SOX claim for the same reason. See Madden-Tyler v. Maricopa County, 189 Ariz. 462, 943 P.2d 822, 828 (1997) (explaining that under the Arizona Civil Rights Act, Ariz.Rev.Stat. § 41-1481(A), (D), “a charge must be filed with the [state agency] within 180 days after the alleged unlawful employment practice occurred” and “[t]he charging party has one year after the filing of the charge” to file suit); 18 U.S.C. § 1514A(b) (under the SOX, a plaintiff must file a charge with the Department of Labor within 90 days of the alleged violation).
Dismissal of Rowland’s claims brought under SOX’s criminal law statutes was proper because those statutes do not provide a private right of action. See 18 U.S.C. §§ 1512-13 (providing criminal *597 punishment for tampering with or retaliating against an informant); Aldabe v. Al-dabe, 616 F.2d 1089, 1092 (9th Cir.1980) (affirming dismissal of claims brought under criminal provisions that “provide[d] no basis for civil remedy”).
Dismissal of Rowland’s FMLA claims was also proper because Prudential Financial Inc.’s subsidiary was no longer her employer when she attempted to return to work. See 29 U.S.C. §§ 2615(a)(l)-(2).
The district court did not abuse its discretion in denying without prejudice Rowland’s motion for leave to file a Second Amended Complaint as moot in light of her motion for leave to file a Third Amended Complaint. See Armstrong v. Davis, 275 F.Sd 849, 878 n. 40 (9th Cir.2001) (amended pleading supersedes an earlier pleading).
The district court also did not abuse its discretion in denying Rowland’s requests for entry of default and default judgment under Fed.R.Civ.P. 55(a)-(b) because Prudential Financial, Inc. and Wachovia Corporation filed motions to dismiss. See Fed.R.Civ.P. 55(a) (permitting the entry of default when the defendant “fail[s] to plead or otherwise defend”); Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 689 (9th Cir.1988) (entry of default judgment inappropriate if a defendant indicates its intent to defend the action).
We do not consider Rowland’s listed but undeveloped contentions. See Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir.1992) (issues raised in pro se litigant’s brief but not supported by argument deemed waived).
Rowland’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.