**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAWRENCE MONROE MORRIS, | No. 11-16307 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02124-NVW |
| v. | |
| DENNIS K. BURKE, United States Attorney for Arizona, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted May 15, 2013
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and DUFFY, District Judge.[**]

Lawrence Morris appeals from the district court's dismissal of his complaint

challenging the Department of Labor's termination of disability income and health

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

insurance benefits he had been receiving under the Federal Employees'

Compensation Act ("FECA"). The Department terminated Morris's benefits

pursuant to 5 U.S.C. § 8148, a statute that renders individuals convicted under 18

U.S.C. § 1920 ineligible for future FECA benefits. Morris pleaded guilty to a

misdemeanor under § 1920 after failing to report income he received from a part-

time job.

The district court construed portions of Morris's *pro se* complaint as

challenging the validity of his § 1920 conviction. As Morris is not in custody and

has now made clear through appointed counsel that he does not challenge his guilty

plea, we do not construe any part of Morris's complaint as a petition for habeas

corpus. We grant Morris's motion to withdraw his earlier request for a certificate

of appealability.

Turning to the allegations in his complaint, Morris first alleges that the

Department of Labor's termination of benefits pursuant to § 8148 imposed

punishment for past conduct in violation of the Ex Post Facto Clause. U.S. Const.,

art. I, § 9, cl. 3. Although Morris pleaded guilty to his § 1920 offense after § 8148

was enacted, the conduct for which Morris was convicted (his failure to report)

occurred several years before § 8148's effective date.

2

We affirm the district court's dismissal of this claim. The termination of Morris's FECA benefits did not violate the Ex Post Facto Clause because § 8148 does not impose "punishment" within the meaning of the Clause. The denial of non-contractual government benefits is not a traditional form of punishment, *see Flemming v. Nestor*, 363 U.S. 603, 616–17 (1960), and therefore cannot contravene the Ex Post Facto Clause absent the "clearest proof" of punitive intent, *id.* at 617. The legislative record of the appropriations bill enacting § 8148 does not contain clear proof that the purpose of § 8148 was to punish, *id.* at 617–19; *see Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 118–19 (1980), and § 8148's placement in Title 5 cuts against a finding of punitive intent, *see Smith v. Doe*, 538 U.S. 84, 94–95 (2003). As for its effects, § 8148 can reasonably be said to further the non-punitive purpose of protecting the integrity of funds disbursed through FECA. *See Selective Serv. Sys. v. Minn. Pub. Interest Research Grp.*, 468 U.S. 841, 851–52 (1984).

Morris also alleges that the United States Postal Service discriminated against him in violation of the Rehabilitation Act, 29 U.S.C. § 794. We affirm the dismissal of this claim. Morris's factual allegations do not state a claim under the Rehabilitation Act because they do not show that Morris applied for and was denied a job for which he was otherwise qualified. *See Douglas v. Cal. Dep't of*

3

*Youth Auth.*, 271 F.3d 812, 817 n.1 (9th Cir. 2001).  Moreover, the record shows that a Rehabilitation Act claim based on job applications Morris alleges he submitted between 1995 and 2001 would be barred by the statute of limitations. *See id.* at 823 n.11; *Madden-Tyler v. Maricopa Cnty.*, 943 P.2d 822, 829 (Ariz. Ct. App. 1997); Ariz. Rev. Stat. § 12-542.  However generously we interpret the complaint's allegations, they do not provide any basis for believing that the limitations period could be tolled.  *Cf. Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995).  Dismissal without leave to amend was therefore proper.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

**AFFIRMED.**