**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES CORNFIELD; et al., | No. 17-16968 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-00924-ROS |
| v. | |
| MICHAEL THOMPSON, an individual acting under the color of law; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted April 17, 2019[**]

Before:  McKEOWN, BYBEE, and OWENS, Circuit Judges.

Charles Cornfield, Benjamin Robert Flynn, Bernard Linser, William J.

O'Hayer, and Matthew V. Parker appeal pro se from the district court's judgment

dismissing their 42 U.S.C. § 1983 action alleging First Amendment retaliation and

employment discrimination.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo the district court's dismissal for failure to state a claim and its dismissal on the basis of a statute of limitations. *Ctr. for Biological Diversity v. U.S. Envtl. Prot. Agency*, 847 F.3d 1075, 1084 n.7 (9th Cir. 2017). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed the retaliation claims brought by Cornfield, Flynn, Linser, and Parker because these plaintiffs failed to allege facts sufficient to state plausible claims. *See O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (elements of a First Amendment retaliation claim); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court properly dismissed O'Hayer's Rehabilitation Act claim as barred by the statute of limitations. *See Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 823 n.11 (9th Cir. 2001) (for Rehabilitation Act claims, courts apply the statute of limitations for the most analogous state law); *Madden–Tyler v. Maricopa County*, 943 P.2d 822, 829 (Ariz. Ct. App. 1997) (Rehabilitation Act claims are subject to Arizona's two-year statute of limitations for personal injury actions). Contrary to O'Hayer's contentions, the district court did not err in concluding that

this claim, which was alleged for the first time in the Third Amended Complaint, did not relate back to the filing of any earlier complaint.

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Parker's state law claim. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (the district court may in its discretion "decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by awarding a portion of defendants' attorney's fees as a sanction against plaintiffs after their counsel withdrew. *See* Fed. R. Civ. P. 11(b) & advisory committee's notes to 1993 Amendment (the court has significant discretion in determining what sanctions, if any, to impose); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126-28 (9th Cir. 2002) (setting forth standard of review and grounds for Rule 11 sanctions). We reject as meritless plaintiffs' contentions that sanctions were inappropriate because they did not have an opportunity to respond orally to defendants' Rule 11 motion at an evidentiary hearing or trial, and that imposing sanctions on them was inappropriate because they were represented by counsel when the pleading was prepared and

filed.

The district court did not abuse its discretion by awarding a portion of the costs incurred by defendants under 28 U.S.C. § 1920(4). *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 924-28 (9th Cir. 2015) (setting forth standard of review and factors for determining whether costs for making copies are recoverable).

**AFFIRMED.**