**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHRYN MARIE NELSON, | No. 19-16109 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02636-JJT |
| v. | |
| CAPITAL ONE FINANCIAL CORPORATION, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| UNKNOWN PARTIES, named as Does 1 through 20 and Companies A through F, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Kathryn Marie Nelson appeals pro se from the district court's summary judgment in her action alleging federal and state law employment claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). We may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

Summary judgment was proper on Nelson's Title VII and Arizona Civil Rights Act ("ACRA") claims raised in her first Equal Employment Opportunity Commission ("EEOC") charge because Nelson did not file this action within 90 days of receiving the right-to-sue letter. *See* Ariz. Rev. Stat. § 41-1481(D) (ACRA requires claimant to file a civil lawsuit within 90 days of receiving a right to sue notice); *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (42 U.S.C. § 2000e-5(f)(1) requires a claimant to file a civil lawsuit within 90 days of receiving a right to sue notice from the EEOC).

Summary judgment was proper on Nelson's Title VII and ACRA claims raised in her second EEOC charge because Nelson filed the charge more than 300 days after her termination. *See Nat'l Passenger R.R. Corp. v. Morgan*, 536 U.S. 101, 104-05 (2002) (42 U.S.C. § 2000e-5(e)(1) requires a claimant to file a charge with the EEOC within 300 days of the allegedly discriminatory or retaliatory act); *Madden-Tyler v. Maricopa County*, 943 P.2d 822, 828 (Ariz. 1997) (explaining

that under ACRA, a charge must be filed "within 180 days after the alleged unlawful employment practice occurred."). To the extent that Nelson's Title VII claims are premised on an alleged failure to respond to an email she sent on July 1, 2016, Nelson failed to raise a genuine dispute of material fact as to whether she was subjected to an adverse employment action, whether similarly situated male employees were treated differently, or whether a causal link exists between the protected activity and the employer's action. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002) (elements of a Title VII retaliation claim); *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000) (elements of a Title VII disparate treatment claim).

Summary judgment was proper on Nelson's Title VII adverse impact claim because Nelson failed to exhaust her administrative remedies. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (Title VII plaintiff must exhaust administrative remedies by filing a timely EEOC or state agency charge, and allegations not included in an EEOC charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge" (citations and internal quotation marks omitted)).

Summary judgment was proper on Nelson's Family Medical Leave Act ("FMLA") claim because Nelson failed to raise a genuine dispute of material fact as to whether the FMLA leave she took was impermissibly considered in her

termination.  *See Liu v. Amway Corp.*, 347 F.3d 1125, 1135-36 (9th Cir. 2003) (setting forth proper standard to be applied in FMLA termination cases).

Summary judgment was proper on Nelson's claims for defamation, false light, breach of contract, and breach of the implied covenant of good faith and fair dealing because Nelson failed to file suit within one year of the claims' accrual. *See* Ariz. Rev. Stat. § 12-541(1), (3); *Watkins v. Arpaio*, 367 P.3d 72, 77 (Ariz. Ct. App. 2016) (applying a one-year statute of limitations to a false light claim).

Summary judgment was proper on Nelson's claim for intentional infliction of emotional distress because Nelson failed to raise a genuine dispute of material fact as to whether Capital One engaged in any actions that were extreme or outrageous.  *See Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 562-63 (Ariz. Ct. App. 1995) (elements of a claim for intentional infliction of emotional distress).

Summary judgment was proper on Nelson's civil conspiracy claim because Nelson failed to raise a genuine dispute of material fact as to whether an agreement existed among her supervisors to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means.  *See Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Trust of Phoenix, Inc.*, 5 P.3d 249, 256 (Ariz. Ct. App. 2000) (elements of a conspiracy claim).

Summary judgment was proper on Nelson's claims for tortious interference

4

with contract and interference with business expectancy because Nelson failed to raise a genuine dispute of material fact as to whether Capital One interfered with a contract or a business expectancy with a third party. *See Payne v. Pennzoil Corp.*, 672 P.2d 1322, 1327 (1983) (tortious interference claim cannot lie against defendants who are not third parties to the employment agreement).

The district court did not abuse its discretion by denying Nelson's fourth request for an extension of time to oppose summary judgment because Nelson failed to demonstrate good cause. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (setting forth the standard of review and discussing the requirements for an extension of time under Federal Rule of Civil Procedure 6(b)).

The district court did not abuse its discretion by striking Nelson's opposition to summary judgment, which Nelson concedes did not comply with Rule 56 and also violated the court's order regarding the page limit. *See Leong v. Potter*, 347 F.3d 1117, 1125 (9th Cir. 2003) (reviewing for abuse of discretion a court's decision to enforce its procedural rules).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-16109