NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON M. ZAMORA, | No.   23-16099 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-01583-SPL |
| v. | |
| ARIZONA BOARD OF REGENTS, a political subdivision of the state of Arizona, and Arizona State University, a public university; ARIZONA STATE UNIVERSITY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted March 13, 2026**

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Aaron Zamora appeals pro se from the district court's judgment dismissing

his action against the Arizona Board of Regents ("ABOR") and Arizona State

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

University ("ASU"). Zamora alleges claims for disparate treatment arising from his employment with and termination from ASU under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112; the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101-103; Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794(a); Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2; 42 U.S.C. § 1983; and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Platt v. Moore,* 15 F.4th 895, 901 (9th Cir. 2021). We affirm in part, vacate in part, and remand.

The district court properly dismissed Zamora's claims against ASU because it is not subject to suit under Arizona law. *See Braillard v. Maricopa Cnty.*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) ("Governmental entities have no inherent power and possess only those powers and duties delegated to them by their enabling statutes. Thus, a governmental entity may be sued only if the legislature has so provided.") (citation omitted).

The district court properly dismissed Zamora's ADA, ADAAA, and § 1983 claims against ABOR because the claims are barred by Eleventh Amendment immunity. *See Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 864 (9th Cir. 2016) (explaining that the Eleventh Amendment bars suit against an unconsenting state or arm of the state, and that "ABOR is an arm of the State of

23-16099

Arizona for Eleventh Amendment purposes"); *see also Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 364, 374 (2001) (explaining that Congress may abrogate states' Eleventh Amendment immunity when it "acts pursuant to a valid act of constitutional authority", and holding that Congress did not have the authority to abrogate such immunity under Title I of the ADA) (internal quotation marks omitted); *Demshki v. Monteith*, 255 F.3d 986, 988 (9th Cir. 2001) (holding that *Garrett* applies to claims under Title V of the ADA when they are predicated on alleged violations of Title I); *Stilwell v. City of Williams*, 831 F.3d 1234, 1245 (9th Cir. 2016) (explaining that § 1983 does not abrogate states' Eleventh Amendment immunity).[1]

The district court properly dismissed Zamora's Rehabilitation Act claim against ABOR because the claim is barred by the two-year statute of limitations. *See Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC*, 753 F.3d 862, 869 (9th Cir. 2014) (explaining that state law determines the statute of limitations for Rehabilitation Act claims); *Madden-Tyler v. Maricopa Cnty.*, 943 P.2d 822, 829

---

[1]    ABOR has no Eleventh Amendment immunity from the Title VII and § 504 Rehabilitation Act claims.  *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 456-57 (1976) (holding that Congress abrogated Eleventh Amendment immunity for Title VII claims); *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 975-76 (9th Cir. 1994) (following *Fitzpatrick*); *Douglas v. Cal. Dept. of Youth Auth.*, 271 F.3d 812, 820-21 (9th Cir. 2001), *amended*, 271 F.3d 910 (2001) (holding that a state waives Eleventh Amendment immunity for § 504 Rehabilitation Act claims by accepting federal Rehabilitation Act funds).

23-16099

(Ariz. Ct. App. 1997) (applying Arizona's two-year general personal injury statute of limitations to a Rehabilitation Act claim).

The district court erred in dismissing Zamora's Title VII claims against ABOR as barred by the statute of limitations. As ABOR concedes on appeal, the 90-day period in which a claimant may file an action under Title VII begins when the EEOC provides a right-to-sue notice, not when the complainant becomes entitled to receive such a notice. *See Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1110 (9th Cir. 2018). Because Zamora filed his complaint before the 90-day limitations period was triggered by the right-to-sue notice from the EEOC, we vacate the district court's judgment on his Title VII claims and remand for further consideration.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including the district court's dismissal of Zamora's state law claims. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Zamora's motion for an extension of time (Docket Entry No. 19) is GRANTED to the extent it seeks to file an untimely reply brief, and is otherwise DENIED. Zamora's reply brief has been filed at Docket Entry No. 18.

**AFFIRMED in part, VACATED in part, and REMANDED.**

23-16099