Mary L. KLING, Appellant,

v.

COUNTY OF LOS ANGELES; Los Angeles County Medical Center School of Nursing; Gerald C. Crary, M.D., as head of the Admissions Committee of Los Angeles County Medical Center School of Nursing; Mary Duncan, R.N., as Registrar and Head of Recruitment for Los Angeles County Medical Center School of Nursing; Foteen O'Connor, as Chief Administrative Director of Los Angeles County Medical Center School of Nursing; Paul Drozd, as Deputy Administrative Director of Los Angeles County Medical Center School of Nursing, Appellees.

No. 80-5371.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1980.

Decided Dec. 8, 1980.

Stanley Fleishman, Beverly Hills, Cal., for appellant.

Alan K. Terakawa, Los Angeles, Cal., for appellee.

Before FLETCHER and CANBY, Circuit Judges, and SOLOMON, District Judge.[*]

SOLOMON, Senior District Judge:

Mary Kling, who suffers from Crohn's disease, appeals from the district court's stay of her proceedings pending exhaustion of administrative remedies and from a denial of her motion for a preliminary injunction to allow her to attend the Los Angeles County School of Nursing (School) pending a trial of her action against the School. She seeks relief under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504) and the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.

FACTS

Kling is afflicted with Crohn's disease. In February 1979, she applied for admission to the School. In April 1979, she received a letter admitting her. At the School's invitation, she attended an orientation session where she was told to order uniforms and to purchase textbooks for the summer session. But, after a School doctor examined her, the School informed her that she could not enroll.

Kling complained to HEW but when she brought this action in the district court, HEW closed its files. In her action filed in July 1979, she alleged that the School violated Section 504 when solely because of her handicap the School refused to admit her to its nursing program. She sought declaratory and injunctive relief and also a preliminary injunction requiring the School to admit her for the Spring semester. The dis-

[*] Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

trict court denied the motion because she had not exhausted her administrative remedies.

In this appeal, we will only consider Kling's claims under the Rehabilitation Act of 1973 (the Act). Section 504 of that Act provides:

> No otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....

Kling is a handicapped individual as defined by the Act. 29 U.S.C. § 706(7). The School's nursing program receives federal financial assistance.

PRIVATE RIGHT OF ACTION

Kling must first establish that there is a private right of action under Section 504. This issue is one of first impression in this court.[1] But all the other circuits that have considered this issue have held that there is such a right of action. *Camenisch v. University of Texas*, 616 F.2d 127 (5th Cir. 1980); *NAACP v. Medical Center, Inc.*, 599 F.2d 1247 (3d Cir. 1979); *Davis v. Southeastern Community College*, 574 F.2d 1158 (4th Cir. 1978), *rev'd on other grounds*, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979)[2]; *Leary v. Crapsey*, 566 F.2d 863 (2d Cir. 1977); *United Handicapped Federation v. Andre*, 558 F.2d 413 (8th Cir. 1977); *Lloyd v. Regional Transportation Authority*, 548 F.2d 1277 (7th Cir. 1977).

1. Two district courts in the Ninth Circuit have held that such a right exists. *Upshur v. Love*, 474 F.Supp. 332 (N.D.Cal.1979); *Boxall v. Sequoia Union High School District*, 464 F.Supp. 1104 (N.D.Cal.1979).

2. The Supreme Court expressly declined to decide this question. 442 U.S. at 404–05 n.5, 99 S.Ct. at 2366–67 n.5. *But see Campbell v. Kruse, et al.*, 434 U.S. 808, 98 S.Ct. 38, 54 L.Ed.2d 65 (1977), in which the Court vacated and remanded a district court decision that partial tuition grants to handicapped children denied equal protection. The Court directed the district court to decide the case based on Section 504, thus suggesting that a private right of action exists under the statute.

3. The Senate Labor and Public Welfare Committee stated that Section 504 was patterned

In *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), the Supreme Court set forth four criteria for determining whether a private remedy is implicit in a statute which does not expressly provide for one. "First, is the plaintiff 'one of the class for whose especial benefit the statute was enacted'–that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?"

*Id.* at 78, 95 S.Ct. at 2087 (citations omitted).

We agree with the application of the *Cort* test to Section 504 the court made in *Lloyd v. Regional Transportation Authority, supra.* There the court found that both the legislative history of the Rehabilitation Act and the analogy to Title VI of the Civil Rights Act of 1964, as interpreted in *Lau v. Nichols*, 414 U.S. 563, 94 S.Ct. 786, 39 L.Ed.2d 1 (1974) supports the existence of such a right.[3]

We therefore hold that Kling has a private right of action under Section 504 of the Rehabilitation Act of 1973.

after Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and Title IX of the Education Amendments of 1972, S.Rep. 93–1297, 93d Cong. 2d Sess. [1974]. [1974] U.S.Code Cong. & Ad.News, pp. 6373, 6390. Ten months before the Senate Report was submitted the Supreme Court held that Title VI created a private right of action. *Lau v. Nichols*, 414 U.S. 563, 566, 94 S.Ct. 786, 788, 39 L.Ed.2d 1 (1974). Further the Report stated that implementation of Section 504 "would ensure administrative due process (right to hearing, right to review), provide for administrative consistency within the Federal government as well as relative ease of implementation, and permit a judicial remedy through a private action." [1974] U.S.Code Cong. & Ad.News, pp. 6390–91.

## EXHAUSTION OF REMEDIES

■ The district court held that it was necessary that Kling exhaust her administrative remedies before she could maintain this action.

The Section 504 regulations, 45 C.F.R. § 84.61, adopt the enforcement procedures of Title VI of the Civil Rights Act of 1964, 45 C.F.R. §§ 80.6–80.10. The same procedures were adopted to enforce Title IX of the Education Amendments of 1972, 45 C.F.R. § 86.71. In *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), the Supreme Court held that the exhaustion of Title IX administrative remedies is not required before one files a private action because the procedures do not afford individual complainants adequate relief. *Id.* at 706–08 n. 41, 99 S.Ct. at 1962–63 n. 41. The administrative procedures under Section 504 are the same as those under Title IX. We therefore hold that the Section 504 remedies are inadequate and that exhaustion is not required.[4]

## PRELIMINARY INJUNCTION

■ The grant or denial of a preliminary injunction will be overturned on appeal only if there has been an abuse of discretion by the district court. *Benda v. Grand Lodge of the International Association of Machinists & Aerospace Workers*, 584 F.2d 308, 314 (9th Cir. 1978), *cert. dismissed* 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979), unless the district court relied on an erroneous legal premise. *Douglas v. Beneficial Finance Co. of Anchorage*, 469 F.2d 453, 454 (9th Cir. 1972). Here, the district court held that Kling was not entitled to any relief because she had not exhausted her administrative remedies. This is an erroneous legal premise.

A party who seeks a preliminary injunction must demonstrate both probable success on the merits and the possibility of irreparable injury. In the alternative the party may show that the case raises serious questions and that the balance of hardships tips in his favor. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 526 F.2d 86, 88 (9th Cir. 1975).

Section 504 prohibits discrimination against "otherwise qualified handicapped individuals." In *Southeastern Community College v. Davis*, 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979), the Supreme Court held that a deaf student was not able to meet all of the requirements of a clinical nursing program because the ability to understand speech without reliance on lipreading was necessary for a patient's safety during the clinical phase of the program. The Court also held that the school was not required to make the extensive modifications in its curriculum that a deaf student would require. But the Supreme Court did state that as a general proposition that "[a]n otherwise qualified person is one who is able to meet all of a program's requirements in spite of his handicap" *Id.* at 406, 99 S.Ct. at 2363, that means "possession of a handicap is not a permissible ground for assuming an inability to function in a particular context." *Id.* at 405, 99 S.Ct. at 2366.

Here the School does not contend that Kling is unable to meet its requirements. It asserts, however, that because of her condition she will miss an excessive number of classes. Kling's physician, Dr. Ament, stated that this was not true, and that she has demonstrated her ability to adequately participate in required school programs. Dr. Ament also stated that Kling's need for hospitalization can be avoided but if necessary it can be scheduled to minimize interference with her nursing school work. The School assumed that merely because Kling has Crohn's disease, her health was not sufficiently sound and stable to successfully complete the program even though Dr. Gerald C. Crary, the head of the admissions committee, indicated that if Kling had been evaluated on an individual basis the School would have allowed her to enroll. In our

---

**4.** *See Camenisch v. University of Texas*, 616 F.2d 127, 135 (5th Cir. 1980) in which the court held that the *Cannon* reasoning applies to the administrative enforcement procedures under Section 504.

view, Kling has shown a probability of success on the merits.

In addition, the balance of hardships tips in Kling's favor. The School has an outstanding reputation. Its graduates are among the best trained and have increased career opportunities. More than a year has passed since Kling was denied admittance to the School based on generalized assumptions about her physical health. The School will suffer no hardship from admitting Kling pending the outcome of the underlying litigation.

This is a much different case from *King v. Saddleback Junior College District*, 425 F.2d 426 (9th Cir. 1970), the case on which the School relies. There the students who challenged a school dress code on hair length had the ability to comply with the school's requirements by merely changing their hairstyle or by wearing a head band. Here Kling has no such opportunity and she will continue to be deprived of the opportunity to attend the School unless this court orders it.

Kling is entitled to a preliminary injunction ordering the Appellees to admit her to the Los Angeles County Medical Center School of Nursing for the semester beginning January, 1981.

The judgment below is reversed and this case is remanded to the district court with the direction to grant the preliminary injunction forthwith so that Appellant can enter the School with the January class. No petition for rehearing will be entertained and the mandate shall issue forthwith.