**Mary L. KLING, Plaintiff-Appellant,**

v.

**COUNTY OF LOS ANGELES, et al., Defendants-Appellees.**

No. 83–6193.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 1985.

Decided July 16, 1985.

Stanley Fleishman, Marilyn Holle, Los Angeles, Cal., for plaintiff-appellant.

Joe Ben Hudgens, Los Angeles, Cal., for defendants-appellees.

Before FLETCHER and CANBY, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge:

This case is again before this court on Mary Kling's appeal from the judgment of the district court which denied her relief. The district court held that she was properly denied admission to the Los Angeles County Medical Center School of Nursing and denied her damages. We reverse and remand for calculation of damages and fees.

### Facts

Appellant, Mary Kling, suffers from Crohn's Disease. Crohn's Disease is an inflammatory bowel disease which results in loss of weight, nausea, vomiting, headaches, and acute abdominal pain. In February, 1979, Kling applied for admission to the Los Angeles County Medical Center School of Nursing (School of Nursing). In April, she received a letter which admitted her to the school, and she attended an orientation session for new students. Two days before classes began, she was told that her physical examination results were not acceptable, and she was rejected from the program.

Kling filed this action against the County of Los Angeles, the School of Nursing, and various individuals. She sought a preliminary injunction to permit her to attend the school. The district court denied Kling relief because she had not exhausted her administrative remedies.

Kling appealed. Based on an examination of deposition testimony and declarations of witnesses, we held that the School of Nursing rejected Kling because of her Crohn's Disease and that she had shown a likelihood of success on the merits. We reversed and remanded the case to the district court for it to grant a preliminary injunction. *Kling v. County of Los Angeles,* 633 F.2d 876 (9th Cir.1980) (*Kling I*).

Kling attended nursing school at Pierce Community College for one and one-half years while her case was litigated. On remand, the School of Nursing offered to admit her into its program, but it refused to accept any of Kling's credits from Pierce College. Kling declined the school's offer and continued this action for damages and attorneys' fees.

On remand, the district court found that Kling was not denied admission to the School of Nursing solely because of her Crohn's Disease but because she was academically deficient. It also found that the School of Nursing's physician rejected Kling because the program would be too stressful for her and that the physician's decision was binding on the school's admission committee. It held that Kling was not a handicapped person under the Rehabilitation Act and that she was not discriminated against under 42 U.S.C. § 1983 or section 504 of the Rehabilitation Act. Finally, it found that Kling did not suffer any compensable harm because of her rejection.

### Discussion

The trial in the district court did not produce substantially different evidence from that which we considered in *Kling I.* The district court's findings are clearly erroneous and in many instances are inconsistent. We find that Mary Kling is an "otherwise qualified handicapped individual" within the meaning of section 504 of the Rehabilitation Act[1] and that she was denied admission to the School of Nursing solely because of her handicap.[2] The

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

**1.** 29 U.S.C. § 794. *See* 34 C.F.R. § 104.3(j).

**2.** The School of Nursing's claim that Kling was not otherwise qualified because she failed to meet the mathematical entrance requirement is meritless. Because Kling was rejected solely because of her handicap and because this decision was made without regard to her mathemat-

school's physician, Dr. Crary, rejected Kling because she suffers from Crohn's Disease. He assumed that merely because of her disease she would be unable to complete the school's program. He did not evaluate her on an individual basis and even testified that had he known more about Kling's medical history, he would have been "swayed very strongly toward acceptance." It is precisely this type of general assumption about a handicapped person's ability that section 504 was designed to avoid. *See Bentivegna v. United States Department of Labor,* 694 F.2d 619 (9th Cir.1982); *Pushkin v. Board of Regents of the University of Colorado,* 658 F.2d 1372, 1385 (10th Cir.1981). The district court's legal conclusions are similarly erroneous.

Damages are an appropriate remedy under the Rehabilitation Act. *See Consolidated Rail Corp. v. Darrone,* 465 U.S. 624, 104 S.Ct. 1248, 79 L.Ed.2d 568 (1984) (back pay); *Miener v. Missouri,* 673 F.2d 969 (8th Cir.), *cert. denied,* 459 U.S. 909, 103 S.Ct. 215, 74 L.Ed.2d 171 (1982). This is particularly true where injunctive relief, already awarded in *Kling I,* will not remedy the harm. *See, e.g., Poole v. South Plainfield Board of Education,* 490 F.Supp. 948, 949 (D.N.J.1980).

We reverse the judgment of the district court and remand the case for the entry of a judgment in favor of Kling and for the assessment of damages and attorney fees in her favor.

REVERSED and REMANDED.

ical deficiency and before she had an opportunity to submit evidence that she had or had not

remedied the deficiency, it is irrelevant that the deficiency may have existed.