Kim A. **WENNIHAN**, Plaintiff,

v.

**AHCCCS, State of Arizona, Risk Management, Defendants.**

No. **CV–04–1642 PHX ROS.**

United States District Court, D. Arizona.

July 5, 2005.

Kim A. Wennihan, Maricopa, AZ, Pro se.

Melanie Verkamp Pate, Office of the Attorney General, Phoenix, AZ, for Defendants.

## ORDER

SILVER, District Judge.

Pending before the Court are Defendants Arizona Health Care Cost Containment System's ("AHCCCS") and State of Arizona, Risk Management's Motion to Strike Plaintiff's Third Amended Complaint ("Motion"). For the reasons stated below, the Motion is granted in part and denied in part.

## BACKGROUND

On March 23, 2004, Plaintiff Kim A. Wennihan filed a complaint in Maricopa County Superior Court alleging violations of Title VII of the Civil Rights Act of 1964 against AHCCCS. [Doc. # 1 (Notice of Removal), Ex. 1 ¶ III.] Later, on June 18, 2004, Plaintiff filed her First Amended Complaint adding the State of Arizona as a defendant. [Doc. # 1 (Notice of Removal), Ex. 2.] On July 19, 2004, Plaintiff filed a Second Amended Complaint correcting a typographical error in Section IV of the original complaint. [Doc. # 1 (Notice of Removal), Ex. 3.] Defendants answered

the Complaint on August 9, 2004, denying any violation of Title VII of the Civil Rights Act of 1964. [Doc. # 1 (Notice of Removal), Ex. 6 ¶ 4.] Also on August 9, 2004, Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1331 and 1441(b). [Doc. # 1 (Notice of Removal) ¶ 2.] A Scheduling Order was issued on November 17, 2004 requiring that Motions to Amend the Complaint or Answer must be filed by January 14, 2005. [Doc. # 6 (Scheduling Order) ¶ D.] This deadline was later extended to January 28, 2005. [Doc. # 11.]

On January 28, 2005, Plaintiff filed her Third Amended Complaint adding charges related to the Family and Medical Leave Act, the Rehabilitation Act, the Americans with Disabilities Act, workers' compensation laws, and the Equal Pay Act, and further alleging violations of due process, equal protection, and agency rules. [Doc. # 12 (Am.Compl.) ¶¶ 5 and 7.] Plaintiff filed the Amended Complaint without asking the Court for leave. On February 14, 2005, Defendants filed the pending Motion to Strike, specifying Plaintiff's failure to seek leave to file the amendment as grounds to strike. [Doc. # 13 (Mot.Strike) at 2.] Additionally, Defendants argued that assuming the Court allowed Plaintiff to submit an untimely Motion to Amend Complaint, any motion should be denied because of a failure to state a claim upon which relief could be granted. [*Id.* at 3.] Plaintiff has not filed a response to Defendants' Motion, timely or otherwise.

## DISCUSSION

### I. Defendants' Motion to Strike Third Amended Complaint for Failure to Comply with Federal Rule of Civil Procedure 15(a) (Doc. # 13)

#### A. Legal Standard

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading "once as a matter of course at any time before a responsive pleading is served." If the pleading cannot be amended as a "matter of course," the party seeking to amend may either seek leave of court to amend the pleading or the opposing party's consent to the amended pleading. *Id.* Rule 15(a) further instructs trial courts to "freely" grant leave to amend pleadings "when justice so requires." *See Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir.1990) (stating that leave to amend is generally allowed with "extraordinary liberality."). Federal Rule of Civil Procedure 7(b)(1) requires that a motion be submitted to the court seeking leave. Further, the involvement of a *pro se* litigant necessitates a liberal application of procedural requirements. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding that *pro se* pleadings are held to "less stringent standards than [those] drafted by lawyers."); *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988) (holding that especially in civil rights claims, a court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits ... due to ignorance of technical procedural requirements.").

#### B. Analysis

■ The Court recognizes that Plaintiff failed to request leave to file her Third Amended Complaint. Defendants argue that this omission is sufficient to strike the Third Amended Complaint because *pro se* litigants are expected to have knowledge of the Federal Rules of Civil Procedure and a failure to comply to the rules can lead to adverse action. In *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992), the Ninth Circuit declared that *pro se* litigants should have an opportunity to cor-

rect deficiencies in their pleadings. Further, the Court approved of the warnings the district court issued the plaintiff concerning compliance by *pro se* litigants with procedural rules. *Id.*

Defendants rely on *Long v. Satz*, 181 F.3d 1275 (11th Cir.1999), to support their Motion to Strike for Plaintiff's inclusion of new charges in her Third Amended Complaint. Defendants' reliance is misplaced because *Long* does not appear to have been a *pro se* litigant. While Rule 15(a) requires leave for the Plaintiff to amend her complaint, presumably she could have believed that by filing the amended complaint she was requesting that the Court accept it. However faulty this presumption is, the Court will permit Plaintiff latitude because of her *pro se* status. Plaintiff is warned that because of her failure to respond to Defendants' Motion to Strike,[1] she has pushed the limits of her special treatment. Additional failures to comply with the Federal Rules of Civil Procedure and the Rules of Practice of the United States District Court for the District of Arizona ("Local Rules") will be sanctioned including paying Defendant's attorneys fees and dismissal.

In light of Plaintiff's *pro se* status, the Court will consider Plaintiff's Third Amended Complaint as a proposed amended complaint.

## II. Plaintiff's Proposed Amended Complaint

### A. Legal Standard

 Federal Rule of Civil Procedure 15(a) allows for amendments by leave of court without written consent from the adverse party. While the district court maintains discretion to grant or deny a motion to amend, the Rule specifies that such "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). *See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir.2001) ("A district court's discretion to deny leave to amend ... is not absolute."); *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987). "In exercising its discretion[,] ... 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.... Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir.1987) (citations omitted).

 Some limitations exist on this extremely liberal policy favoring amendments. The Supreme Court held that motions to amend may be denied for the following reasons: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also SmithKline Beecham*, 245 F.3d at 1052; *Owens v. Kaiser Found., Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v.*

---

1. The Court draws Plaintiff's attention to Local Rule 7.2(i): "If the opposing party does not serve and file the required answering memoranda ... such non-compliance may be deemed a consent to the ... granting of the motion and the Court may dispose of the motion summarily."

*Leighton,* 833 F.2d 183, 186 (9th Cir.1987)). These factors are not equally important; the possibility of delay alone cannot justify denial of a motion to amend. *DCD Programs, Ltd.,* 833 F.2d at 186. In contrast, futility of the amendment alone provides sufficient grounds to deny an amendment. *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995).

**B. Analysis**

In their Motion to Strike Third Amended Complaint, Defendants assert futility, stating that the additional charges fail to state a claim upon which relief can be granted. [Doc. #13 (Mot.Strike) at 3]. Defendants argue an Eleventh Amendment defense regarding Plaintiff's claims concerning the Family and Medical Leave Act ("FMLA"), Americans with Disabilities Act ("ADA"), and state law claims. *Id.* Defendants also argue that the Equal Pay Act ("EPA") claim is futile because it is included with Plaintiff's Title VII claim and barred by the statute of limitations. *Id.* Additionally, Defendants argue the Rehabilitation Act claim is futile because Plaintiff failed to pursue available administrative remedies. *Id.* Finally, Defendants assert that Plaintiff's due process and equal protection claims are futile because such claims can only be raised against individuals. Each of the Defendants' arguments is discussed in turn.

**1. The Eleventh Amendment and Plaintiff's proposed amended complaint**

The Eleventh Amendment of the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The United States Supreme Court has created exceptions to the Eleventh Amendment. In *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court created an exception to a state official's Eleventh Amendment immunity in suits "challenging the constitutionality of a state official's action[.]" *Pennhurst State Sch. and Hosp. v. Halderman,* 465 U.S. 89, 101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The *Ex parte Young* exception to the Eleventh Amendment provides that "when a plaintiff brings suit against a state official alleging a violation of federal law, the federal court may award prospective injunctive relief that governs the official's future conduct[.]" *Natural Res. Def. Council v. Cal. Dep't of Transp.,* 96 F.3d 420, 422 (9th Cir.1996). The rationale behind this exception is that a state cannot authorize unconstitutional actions and state actors are therefore "stripped of [their] official or representative character and are subjected to the consequences of [their] official conduct." *Pennhurst,* 465 U.S. at 102, 104 S.Ct. 900 (quoting *Ex parte Young,* 209 U.S. at 160, 28 S.Ct. 441).

Also, in *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), the Court allowed Congress to abrogate state immunity and subject states to retrospective damage suits when Congress acts within its Fourteenth Amendment power. "We think that Congress may, in determining what is 'appropriate legislation' for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or State officials...." *Id.* at 456, 96 S.Ct. 2666. However, this abrogation of state immunity is limited to valid exercises of Congress' Section 5 power under the Fourteenth Amendment. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 72, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) ("Article I cannot be used to circumvent the constitutional

limitations placed upon federal jurisdiction.").

Here, only state entities are being sued. There are no state officials named as defendants. As a result, Plaintiff's proposed additional claims can only proceed if Congress has extinguished state immunity through a valid use of its Fourteenth Amendment power. *Fitzpatrick*, 427 U.S. at 456, 96 S.Ct. 2666.

### a. Family and Medical Leave Act

■ The FMLA provides for a 12–week unpaid leave period for employees in order to allow them to attend to their family's medical needs. 29 U.S.C. § 2612(a)(1). Section 2612(a)(1)(A) allows for leave to care for newly-born children. Section 2612(a)(1)(B) provides that an employee may take leave for matters concerning foster care or adoption. Under § 2612(a)(1)(C), an employee may take leave to care for a spouse, child, or parent. Finally, § 2612(a)(1)(D) allows an employee to take leave to care for his or her own serious medical issues. In *Nevada Department of Human Resources v. Hibbs*, § 2612(a)(1)(C) of the FMLA was the basis of a lawsuit where the state asserted the Eleventh Amendment as a defense. 538 U.S. 721, 724–25, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003). The Supreme Court held that Congress had validly abrogated state immunity pursuant to Section 5 of the Fourteenth Amendment because of Congress' focus on gender discrimination issues when a parent cares for family members. *Id.* at 728–29, 123 S.Ct. 1972. However, in *Brockman v. Wyoming Department of Family Services*, the Tenth Circuit declined to extend the Supreme Court's holding in *Hibbs* to FMLA claims that focus on an employee's care for his or her medical issues pursuant to § 2612(a)(1)(D). 342 F.3d 1159, 1165 (10th Cir.2003). The Tenth Circuit distin-

guished *Hibbs* by noting that "the legislative history [did not] sufficiently tie[ ] the FMLA's personal medical leave provision to the prevention of gender-based discrimination." *Id.* at 1164. Thus, Congress did not rescind Wyoming's Eleventh Amendment immunity with regard to personal leave under the FMLA. *Id.* at 1165.

The averments in the Plaintiff's proposed Third Amended Complaint illustrate that any FMLA leave she took was for herself. Nowhere is there any mention that leave was taken to care for family members. As the *Brockman* court made clear, this Court finds that Congress did not abrogate state immunity with this section because Fourteenth Amendment protections are not infringed when personal leave is taken. Thus, Plaintiff's allegations concerning the FMLA are futile.

### b. Rehabilitation Act

■ The Plaintiff also proposed new claims based on "rehabilitation law." Presumably, Plaintiff is referring to the Rehabilitation Act, codified at 29 U.S.C. § 701 *et seq.* In *Clark v. California*, the Ninth Circuit held that the Rehabilitation Act falls under the power given to Congress to abrogate state immunity pursuant to its Section 5 power under the Fourteenth Amendment because the amendment protects disabled individuals. 123 F.3d 1267, 1270 (9th Cir.1997). Further, *Clark* recognizes 42 U.S.C. § 2000d–7 as a valid waiver of state immunity if the state accepts federal funding. *Id.* at 1271. However, due to two Supreme Court opinions, many circuits have cast doubt on the general extent of Congress' Section 5 power. In *Kimel v. Florida Board of Regents*, the Supreme Court held that some congressional abrogations of immunity claimed via the Fourteenth Amendment can exceed the scope of that amendment. 528 U.S. 62, 81, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000)

("Congress cannot decree the *substance* of the Fourteenth Amendment's restrictions on the States.... It has been given the power 'to enforce,' not the power to determine *what constitutes* a constitutional violation.'") (quoting *City of Boerne v. Flores*, 521 U.S. 507, 519, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997) (emphasis in original)). *Kimel* focused on the Age Discrimination in Employment Act, but the Supreme Court further held in *Board of Trustees of the University of Alabama v. Garrett* that Title I of the Americans with Disabilities Act is not a valid exercise of Section 5 authority and thus Congress cannot abrogate state immunity pursuant to the Fourteenth Amendment. 531 U.S. 356, 374, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, *Kimel* and *Garrett* do not discuss the Rehabilitation Act. *Patricia v. Lemahieu*, 141 F.Supp.2d 1243, 1249–50 (D.Haw.2001). Thus, although *Garrett* and *Kimel* call into question anti-discriminatory statutes as valid Section 5 legislation, *Clark* is still good law in the Ninth Circuit. *Id.*

Here, Plaintiff's proposed Rehabilitation Act allegations are not barred by the Eleventh Amendment. Moreover, considering the uncertain state of some Section 5 legislation, if the State of Arizona has accepted federal funding, 42 U.S.C. § 2000d–7 establishes that the state has waived any immunity due it.

Defendants are not immune from suit on the Rehabilitation Act claim.

### c. Americans with Disabilities Act

■ In her proposed amended complaint, Plaintiff asserts a violation of the ADA. Title I of the ADA concerns employment matters and states:

No covered entity shall discriminate against a qualified individual with a disability because of the disability ... in regard to ... application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112. Defendants assert that the Eleventh Amendment prohibits a suit against a state seeking damages.

The effect of the Eleventh Amendment on this issue is clear. In *Garrett*, the Supreme Court said that Congress has not abrogated state immunity in Title I ADA claims pursuant to Section 5 of the Fourteenth Amendment because no pattern of state discrimination was established and Title I's remedies were not "congruent and proportional to the targeted violation." 531 U.S. at 374, 121 S.Ct. 955.

Here, a Title I suit is the only action available to the Plaintiff. Title I is entitled "Employment" and discusses employment related discrimination. 42 U.S.C. § 12112(a). Title II is entitled "Public Services" and prohibits the denial of "services, programs, or activities of a public entity." 42 U.S.C. § 12132; *See Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1176 (9th Cir.1999) ("The second clause of 42 U.S.C. § 12132, like the first, prohibits discrimination only in a public entity's 'outputs.' Thus [Title II] does not ... apply to employment."). Finally, Titles III, IV, and V concern private entities, telecommunications, and miscellaneous matters. 42 U.S.C. § 12182(a), 47 U.S.C. § 225, and 42 U.S.C. § 12201 *et seq.* As such, Plaintiff's proposed ADA allegation is barred by the Eleventh Amendment.

### d. State law claims

■ In her proposed amended complaint, Plaintiff claims violations of workers' compensation law and state personnel rules. Again, only AHCCCS and the State of Arizona, Risk Management are named defendants. As the above discussion con-

cerning the Eleventh Amendment makes clear, states can only be a defendant when Congress has abrogated their Eleventh Amendment immunity through the Fourteenth Amendment or when the state itself has waived such immunity. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Even if Arizona Revised Statute § 23–902(A) is seen as a waiver of immunity in workers' compensation suits, it must be read in conjunction with § 23–921(A), which vests administration and adjudication of claims arising from workers' compensation laws with the Industrial Commission of Arizona. Thus, any possible waiver is specific to an action brought before the Industrial Commission.

Therefore, Plaintiff's proposed claims focusing on state law violations are barred because of Eleventh Amendment immunity.

### e. Equal Pay Act

 The final Eleventh Amendment immunity issue is whether Plaintiff's proposed Equal Pay Act ("EPA") claim can proceed. Again, concerning whether Congress validly abrogated state immunity under Section 5 of the Fourteenth Amendment, *Lewis v. Smith*, 255 F.Supp.2d 1054, 1067 (D.Ariz.2003) held that because gender discrimination is prohibited by the Fourteenth Amendment and the provisions in the EPA are "congruent and proportional to remedying the proven harm of gender discrimination," Congress validly abrogated state immunity.

The reasoning and holding in *Lewis* is sound and applies to the instant case. The Eleventh Amendment is not a bar to Plaintiff's proposed EPA action.

### 2. Equal Pay Act Claim and Title VII Claim

 Defendants argue that Plaintiff's EPA claim is futile because it is included

with her Title VII claim. In fact, courts have noted overlap between the EPA and Title VII with regard to wage discrimination. *See Maxwell v. City of Tucson*, 803 F.2d 444, 446 (9th Cir.1986) ("Title VII and the Equal Pay Act overlap because both make unlawful differentials in wages on the basis of a person's sex."). However, despite the similarities in the two statutes, courts have recognized their differences. In *County of Washington v. Gunther*, 452 U.S. 161, 175 n. 14, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981), the Supreme Court noted that the EPA does not contain the procedural requirements of a Title VII action and further mentioned that a plaintiff might choose to bring an EPA action instead of a Title VII action. The Fourth Circuit has also recognized that a plaintiff can bring wage discrimination claims under the EPA and Title VII. *Brinkley–Obu v. Hughes Training, Inc.*, 36 F.3d 336, 343 (4th Cir. 1994). *See also Lewis*, 255 F.Supp.2d at 1058–64 (treating EPA and Title VII claims as separate and ultimately granting summary judgement for defendant on the EPA claim but not the Title VII claim). The *Brinkley–Obu* court goes on to illustrate the differences in a *prima facie* case between the two statutes. *Id.* Under the EPA, the plaintiff only is required to demonstrate that unequal wages are paid for unequal work. *Id.* Title VII, on the other hand, requires a nexus between sex and the unequal wages. *Id.*

Defendants cite no authority claiming that EPA claims always merge with Title VII claims. While this Court recognizes the overlap of the two statutes, the procedural differences between the two statutes indicate that EPA and Title VII claims do not merge in this case. Significantly, if later it appears that Plaintiff did not exhaust her administrative remedies before

bringing her Title VII claim, her EPA claim could proceed. Moreover, the elements of a *prima facie* case are different. Thus, the proposed EPA claim is not included within Plaintiff's Title VII claim.[2]

### 3. Did Plaintiff Exhaust Administrative Remedies Before Pursuing Rehabilitation Act Claim?

██ Defendants also assert that Plaintiff's proposed amended complaint should be futile because she failed to exhaust administrative remedies provided for in the Rehabilitation Act. Section 504 of the Rehabilitation Act prohibits entities that receive federal funding from discriminating against individuals with a disability. 29 U.S.C. § 794. In *Kling v. County of Los Angeles,* 633 F.2d 876, 879 (9th Cir. 1980), the Ninth Circuit held that no exhaustion of administrative remedies is necessary because the remedies provided are not adequate relief to claimants. *See also Smith v. Barton,* 914 F.2d 1330, 1338 (9th Cir.1990) ("Administrative remedies, which result in suspension or termination of the federal assistance ..., do not afford individual complainants adequate relief. Therefore, plaintiffs ... need not first exhaust administrative remedies.").

Because Ninth Circuit precedent holds that administrative remedies need not be exhausted before a plaintiff can proceed with a Rehabilitation Act lawsuit, Defendants' allegation of futility lacks merit. Plaintiff's proposed Rehabilitation Act allegation is not barred because she failed to exhaust administrative remedies.

### 4. Equal Protection and Due Process Claims

██ A final element of futility advanced by Defendants is that Plaintiff's

proposed equal protection and due process claims are not valid actions under 42 U.S.C. § 1983 because states and state entities are not "persons" under that statute. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Defendants are correct. Section 1983 requires that the action is allowed only against a person and the state is not a person. *Id.* Further, because Plaintiff does not advance any evidence that the Defendants have waived immunity, the Eleventh Amendment acts as a hurdle to Plaintiff's claims. Plaintiff's equal protection and due process claims are futile and will be dismissed.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike Third Amended Complaint (Doc. # 13) is **DENIED** with regard to Equal Pay Act claims and Rehabilitation Act claims.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Third Amended Complaint (Doc. # 13) is **GRANTED** with regard to Plaintiff's Family and Medical Leave Act claims, Americans with Disabilities Act claims, state law claims, and equal protection and due process claims.

---

**2.** The Court notes Defendants' statute of limitations defense; however, 29 U.S.C. § 255(a) provides two years, or three years if the violation is willful, to bring an action. The plead-

ings do not provide sufficient information to decide if the statute of limitations bars the claim.